## Statement of Consolidated Ending Balance Sheet

| Name | Employer identification number |
|---|---|
| K-PIPE GROUP, INC. AND SUBSIDIARIES | 48-1031292 |

| Assets | Schedule Reference | Combined Amounts | Consolidated Adjustments | Consolidated Amounts |
|---|---|---|---|---|
| Cash | | | | |
| Trade notes and accounts receivable | | | | |
| Less allowance for bad debts | | | | |
| Inventories | | | | |
| U.S. government obligations | | | | |
| Tax-exempt securities | | | | |
| Other current assets | | | | |
| Loans to stockholders | | | | |
| Mortgage and real estate loans | | | | |
| Other investments | | 1,130,177. | <1,130,177.> | 0. |
| Buildings and other depreciable assets | | | | |
| Less accumulated depreciation | | | | |
| Depletable assets | | | | |
| Less accumulated depletion | | | | |
| Land (net of any amortization) | | | | |
| Intangible assets (amortizable only) | | | | |
| Less accumulated amortization | | | | |
| Other assets | | | | |
| **Total Assets** | | 1,130,177. | | 0. |
| **Liabilities and Stockholders' Equity** | | | | |
| Accounts payable | | | | |
| Mortgages, notes, bonds payable in less than 1 year | | | | |
| Other current liabilities | | | | |
| Loans from stockholders | | | | |
| Mortgages, notes, bonds payable in 1 year or more | | | | |
| Other liabilities | | | | |
| Capital stock: a Preferred stock | | 850. | <850.> | 0. |
| b Common stock | | 1,315,974. | <150.> | 1,315,824. |
| Additional paid-in capital | | 1,844,524. | | 1,844,524. |
| Retained earnings - Appropriated | | | | |
| Retained earnings - Unappropriated | | <348,801.> | <1,129,177.> | <1,477,978.> |
| Adjustments to shareholders' equity | | | | |
| Less cost of treasury stock | | 1,682,370. | | 1,682,370. |
| **Total Liabilities and Stockholders' Equity** | | 1,130,177. | | 0. |

001448

# SCHEDULE OF COMBINED ENDING BALANCE SHEET

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION COMPANY 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| **Assets** | | | | | |
| Cash | | | | | |
| Trade notes and accounts receivable | | | | | |
| Less allowance for bad debts | | | | | |
| Inventories | | | | | |
| U.S. government obligations | | | | | |
| Tax-exempt securities | | | | | |
| Other current assets | | | | | |
| Loans to stockholders | | | | | |
| Mortgage and real estate loans | | | | | |
| Other investments  STATEMENT  8 | 1,130,177. | 1,129,177. | 1,000. | | |
| Buildings and other depreciable assets | | | | | |
| Less accumulated depreciation | | | | | |
| Depletable assets | | | | | |
| Less accumulated depletion | | | | | |
| Land (net of any amortization) | | | | | |
| Intangible assets (amortizable only) | | | | | |
| Less accumulated amortization | | | | | |
| Other assets | | | | | |
| **Total Assets** | 1,130,177. | 1,129,177. | 1,000. | | |
| **Liabilities and Stockholders' Equity** | | | | | |
| Accounts payable | | | | | |
| Mortgages, notes, bonds payable in less than 1 year | | | | | |
| Other current liabilities | | | | | |
| Loans from stockholders | | | | | |
| Mortgages, notes, bonds payable in 1 year or more | | | | | |
| Other liabilities | | | | | |
| Capital stock: a Preferred stock | 850. | | | 850. | |
|     b Common stock | 150. | | | 150. | |
| Additional paid-in capital | 1,315,974. | 1,315,824. | | | |
| Retained earnings - Apportioned | 1,844,524. | 1,844,524. | | | |
| Retained earnings - Unappropriated | <348,801.> | <348,801.> | 1,000. | <1,000.> | |
| Adjustments to shareholders' equity | | | | | |
| Less cost of treasury stock | 1,682,370. | 1,682,370. | | | |
| **Total Liabilities and Stockholders' Equity** | 1,130,177. | 1,129,177. | 1,000. | | |

228243
05-01-02

48-1031292

STATEMENT 8

K-PIPE GROUP, INC. AND SUBSIDIARIES

HEDULE L

COMBINED OTHER INVESTMENTS

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| VESTMENT IN SUBSIDIARIES | 1,000. | | 1,000. | | |
| VESTMENTS IN SUBSIDIARIES | 1,129,177. | 1,129,177. | | | |
| TAL OTHER INVESTMENTS | 1,130,177. | 1,129,177. | 1,000. | | |

STATEMENT(S) 8

001459

## Statement of Consolidated Schedules M-1 and M-2

| Name | Employer identification number |
|---|---|
| K-PIPE GROUP, INC. AND SUBSIDIARIES | 48-1031292 |

| Schedule M-1 - Reconciliation of Income per Books with Income per Return | Schedule Reference | Combined Amounts | Consolidated Adjustments | Consolidated Amounts |
|---|---|---|---|---|
| Net income per books | | <16,123.> | | <16,123.> |
| Federal income tax | | | | |
| Excess of capital losses over capital gains | | | | |
| Income subject to tax not recorded on books this year | | | | |
| Expenses recorded on books this year not deducted in this return (itemize): | | | | |
| Depreciation | | | | |
| Contributions carryover | | | | |
| Travel and entertainment | | | | |
| Other | | 18,000. | | 18,000. |
| **Total Increases** | | 1,877. | | 1,877. |
| Income recorded on books this year not included in this return (itemize): | | | | |
| Tax-exempt interest | | | | |
| Other | | | | |
| Deductions in this tax return not charged against book income this year (itemize): | | | | |
| Depreciation | | | | |
| Contributions carryover | | | | |
| Other | | | | |
| **Total Decreases** | | | | |
| **Taxable Income** | | 1,877. | | 1,877. |

| Schedule M-2 - Analysis of Unappropriated Retained Earnings per Books | Schedule Reference | Combined Amounts | Consolidated Adjustments | Consolidated Amounts |
|---|---|---|---|---|
| Balance at beginning of year | | 557,430. | <1,129,177.> | <571,747.> |
| Net income per books | | <16,123.> | | <16,123.> |
| Other increases | | | | |
| **Total Increases** | | 541,307. | | <587,870.> |
| Distributions: Cash | | 890,108. | | 890,108. |
| Stock | | | | |
| Property | | | | |
| Other decreases | | | | |
| **Total Decreases** | | 890,108. | | 890,108. |
| **Balance at End of Year** | | <348,801.> | | <1,477,978.> |

001451

226591
05-01-02

## SCHEDULE OF COMBINED SCHEDULES M-1 AND M-2

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| **Schedule M-1** | | | | | |
| Net income per books | <16,123.> | <16,123.> | | | |
| Federal income tax | | | | | |
| Excess of capital losses over capital gains | | | | | |
| Income subject to tax not recorded on books this year (itemize): | | | | | |
| Expenses recorded on books this year not deducted in this return (itemize): | | | | | |
| Depreciation | | | | | |
| Contribution carryover | | | | | |
| Travel and entertainment | | | | | |
| Other   SEE STATEMENT 9 | 18,000. | 18,000. | | | |
| **Total Increases** | 1,877. | 1,877. | | | |
| Income recorded on books this year not included in this return (itemize): | | | | | |
| Tax-exempt interest | | | | | |
| Other | | | | | |
| Deductions in this tax return not charged against book income this year (itemize): | | | | | |
| Depreciation | | | | | |
| Contribution carryover | | | | | |
| Other | | | | | |
| **Total Decreases** | | | | | |
| **Taxable Income** | 1,877. | 1,877. | | | |
| **Schedule M-2** | | | | | |
| Balance at beginning of year | 557,430. | 557,430. | | | |
| Net income per books | <16,123.> | <16,123.> | 1,000. | <1,000.> | |
| Other increases | | | | | |
| **Total Increases** | 541,307. | 541,307. | 1,000. | | |
| Distributions: Cash | 890,108. | 890,108. | | | |
| Stock | | | | | |
| Property | | | | | |
| Other decreases | | | | | |
| **Total Decreases** | 890,108. | 890,108. | | | |
| **Balance at End of Year** | <348,801.> | <348,801.> | 1,000. | <1,000.> | |

001452

228244
05-01-02

48-1031292

K-PIPE GROUP, INC. AND SUBSIDIARIES

SCHEDULE M-1     COMBINED EXPENSES NOT DEDUCTED IN RETURN     STATEMENT 9

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| PREPAID ASSETS WRITTEN OFF | 18,000. | 18,000. | | | |
| TOTAL EXPENSES NOT IN RETURN | 18,000. | 18,000. | | | |

STATEMENT(S) 9

001453

## Statement of Consolidated Alternative Minimum Tax

| Name | | | Employer identification number |
|---|---|---|---|
| K-PIPE GROUP, INC. AND SUBSIDIARIES | | | 48-1031292 |

| Alternative Minimum Taxable Income | Schedule Reference | Combined Amounts | Consolidated Adjustments | Consolidated Amounts |
|---|---|---|---|---|
| Taxable income or (loss) before NOL deduction | | 1,877. | | 1,877. |
| **Adjustments and Preferences** | | | | |
| Depreciation of tangible property | | | | |
| Amortization of certified pollution control facilities | | | | |
| Amortization of mining exploration and development costs | | | | |
| Amortization of circulation expenditures | | | | |
| Basis adjustments | | | | |
| Long-term contracts entered into after Feb. 28, 1986 | | | | |
| Installment sales of certain property | | | | |
| Merchant marine capital construction funds | | | | |
| Section 833(b) deduction | | | | |
| Tax shelter farm activities | | | | |
| Passive activities | | | | |
| Certain loss limitations | | | | |
| Depletion | | | | |
| Private activity bonds issued after August 7, 1986 | | | | |
| Intangible drilling costs | | | | |
| Accelerated depreciation of real property | | | | |
| Accelerated depreciation of leased personal property | | | | |
| Other adjustments | | | | |
| **Total Adjustment and Preference Items** | | | | |
| **Pre-adjustment AMTI** | | 1,877. | | 1,877. |
| Adjusted current earnings adjustment | | | | |
| Combine pre-adjustment AMTI and above amount | | 1,877. | | 1,877. |
| Alternative tax NOL deduction | STMT 10 | 1,877. | | 1,877. |
| **Alternative Minimum Taxable Income** | | 0. | | 0. |

001454

K-PIPE GROUP, INC. AND SUBSIDIARIES                                48-1031292

---

| AMT NET OPERATING LOSS ADJUSTMENT | STATEMENT 10 |

100% CONSOLIDATED AMT TAXABLE INCOME
   BEFORE NOL DEDUCTION                                                    1,877.

| | SEPARATE COMPANY AMT INCOME | TOTAL AMT NOL AVAILABLE | TOTAL AMT NOL AFTER SRLY LIMITATION | TOTAL AMT NOL DEDUCTED | REMAINING AMT TAXABLE INCOME AFTER NOL DEDUCTION |
|---|---|---|---|---|---|
| YEAR END 12/31/00 NON-SRLY | K-PIPE GROUP, INC. | 83,869. | 83,869. | 1,877. | 0. |
| YEAR END 12/31/01 NON-SRLY | K-PIPE GROUP, INC. | 139,559. | 139,559. | 0. | |
| SUBTOTAL | | | 223,428. | 1,877. | |

CONSOLIDATED AMT NOL DEDUCTION                         1,877.
COMBINED AMT NOL DEDUCTION                             1,877.

CONSOLIDATED AMT NOL ADJUSTMENT                            0.

001455

SCHEDULE OF COMBINED ALTERNATIVE MINIMUM TAXABLE INCOME

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| Taxable income or (loss) before NOL deduction | 1,877. | 1,877. | | | |
| **Adjustments and Preferences** | | | | | |
| Depreciation of tangible property | | | | | |
| Amortization of certified pollution control facilities | | | | | |
| Amortization of mining exploration and development costs | | | | | |
| Amortization of circulation expenditures | | | | | |
| Basis adjustments | | | | | |
| Long-term contracts entered into after Feb. 28, 1986 | | | | | |
| Installment sales of certain property | | | | | |
| Merchant marine capital construction funds | | | | | |
| Section 833(b) deduction | | | | | |
| Tax shelter farm activities | | | | | |
| Passive activities | | | | | |
| Certain loss limitations | | | | | |
| Depletion | | | | | |
| Private activity bond issued after August 7, 1986 | | | | | |
| Intangible drilling costs | | | | | |
| Accelerated depreciation of real property | | | | | |
| Accelerated depreciation of leased personal property | | | | | |
| Other adjustments | | | | | |
| **Total Adjustment and Preference Items** | | | | | |
| **Pre-adjustment AMTI** | 1,877. | 1,877. | | | |
| Adjusted current earnings adjustment | | | | | |
| Combined pre-adjustment AMTI and above amount | 1,877. | 1,877. | | | |
| Alternative tax NOL deduction | 1,877. | 1,877. | | | |
| **Alternative Minimum Taxable Income** | | | | | |

001456

22826
05-01-02

## Statement of Consolidated Adjusted Current Earnings

| Name | | | | | Employer identification number |
|------|--|--|--|--|--|

**K-PIPE GROUP, INC. AND SUBSIDIARIES**                                48-1031292

| Adjusted Current Earnings | Schedule Reference | Combined Amounts | Consolidated Adjustments | Consolidated Amounts |
|---|---|---|---|---|
| Pre-adjustment AMTI | | 1,877. | | 1,877. |
| **ACE Depreciation Adjustment** | | | | |
| Depreciation expense recomputed for AMT purposes | | | | |
| Post-1993 depreciation | | | | |
| Post-1989, Pre-1994 property ACE depreciation | | | | |
| Pre-1990 MACRS property ACE depreciation | | | | |
| Pre-1990 original ACRS property ACE depreciation | | | | |
| Sec. 168(f)(1) through (4) property ACE depreciation | | | | |
| Other property ACE depreciation | | | | |
| **Total ACE Depreciation** | | | | |
| **ACE Depreciation Adjustment** | | | | |
| **Inclusion in ACE of Items Included in E&P** | | | | |
| Tax-exempt interest income | | | | |
| Death benefits from life insurance contracts | | | | |
| All other distributions from life insurance contracts | | | | |
| Inside buildup of undistributed income in life insur. | | | | |
| Other items | | | | |
| **Total Inclusion of Items** | | | | |
| **Disallowance of Items Not Deductible in Computing E&P** | | | | |
| Certain dividends received | | | | |
| Dividends paid on preferred stock of public utilities | | | | |
| Dividends paid to an ESOP | | | | |
| Non-patronage dividends | | | | |
| Other items | | | | |
| **Total Disallowance of Items** | | | | |
| **Certain Other E&P Adjustments** | | | | |
| Intangible drilling costs | | | | |
| Circulation expenditures | | | | |
| Organizational expenditures | | | | |
| LIFO inventory adjustments | | | | |
| Installment sales | | | | |
| **Total Other E&P Adjustments** | | | | |
| Disallowance of loss on exchange of debt pools | | | | |
| Acquisition expenses of life insurance companies | | | | |
| Depletion | | | | |
| Basis adjustments | | | | |
| **Adjusted Current Earnings** | | 1,877. | | 1,877. |
| Subtract pre-adjustment AMTI from ACE | | | | |
| **Adjusted Current Earnings Adjustment** | | 0. | | 0. |

001457

226691
05-01-02

## SCHEDULE OF COMBINED ADJUSTED CURRENT EARNINGS

| | COMBINED AMOUNTS | K-PIPE GROUP, INC. 48-1031292 | BISHOP PIPELINE COMPANY 48-1075124 | BISHOP GAS TRANSMISSION 48-1106098 | MANAGEMENT RESOURCES GROUP LTD. 45-0357821 |
|---|---|---|---|---|---|
| **Pre-adjustment AMTI** | 1,877. | 1,877. | | | |
| **ACE Depreciation Adjustment:** | | | | | |
| Depreciation expense recomputed for AMT purposes | | | | | |
| Post-1993 depreciation | | | | | |
| Post-1989, Pre-1994 property ACE | | | | | |
| Pre-1990 MACRS property ACE depreciation | | | | | |
| Pre-1990 original ACRS property ACE | | | | | |
| Sec. 168(f)(1) through (4) property ACE | | | | | |
| Other property ACE depreciation | | | | | |
| **Total ACE Depreciation** | | | | | |
| **ACE Depreciation Adjustment** | | | | | |
| | | | | | |
| **Inclusion in ACE of Items Included in E&P:** | | | | | |
| Tax-exempt interest income | | | | | |
| Death benefits from life insurance contracts | | | | | |
| All other distributions from life insurance contracts | | | | | |
| Inside buildup of undistributed income in life insur. | | | | | |
| Other Items | | | | | |
| **Total Inclusion of Items** | | | | | |
| | | | | | |
| **Disallowance of Items Not Deductible in Computing E&P:** | | | | | |
| Certain dividends received | | | | | |
| Dividends paid on preferred stock of public utilities | | | | | |
| Dividends paid to an ESOP | | | | | |
| Non-patronage dividends | | | | | |
| Other Items | | | | | |
| **Total Disallowance of Items** | | | | | |
| | | | | | |
| **Certain Other E&P Adjustments** | | | | | |
| Intangible drilling costs | | | | | |
| Circulation expenditures | | | | | |
| Organizational expenditures | | | | | |
| LIFO inventory adjustments | | | | | |
| Installment sales | | | | | |
| **Total Other E&P Adjustments** | | | | | |
| | | | | | |
| Disallowance of loss on exchange of debt pools | | | | | |
| Acquisition expenses of life insurance companies | | | | | |
| Depletion | | | | | |
| Basis adjustments | | | | | |
| **Adjusted Current Earnings** | 1,877. | 1,877. | | | |
| Subtract pre-adjustment AMTI from ACE | | 0. | | | |
| **Adjusted Current Earnings Adjustment** | | | | | |

001458

23847
05-01-02

| SCENARIO | SELLER CONSIDERATIONS | BUYER CONSIDERATIONS |
|---|---|---|
| (1) Cash for stock in Bishop | ■ Bishop realizes a gain on the sale that will be taxed at the full corporate tax rate of 35% | |
| (2) Stock-for –stock | ■ Entirely tax free<br>■ Most efficient tax structure to Bishop<br>■ Tax is deferred until stock is sold at which point taxed at the capital gains rate of 20% | ■ Tax free to buyer |
| (3) Mix of cash and stock | ■ May be tax free to Bishop if stock portion is > 50%<br>■ Cash portion is taxable<br>■ Taxed at 20% capital gains tax rate | |
| (4) MLP units for stock | ■ Tax-free only if buyer issues new units<br>■ Could use alternative tax structure to monetize stock without selling it – e.g. stock swaps, get a loan by using the stock as a collateral | ■ Tax-free under Section 7.21<br>■ Tax-inefficient since will have to pay taxes on the corporation earnings which will effectively be rolled under the MLP structure |
| (5) MLP units for Syenergy units | ■ Tax-free only if buyer issues new units<br>■ Could use additional cashflow from the quarterly MLP distributions and reinvest into development of new projects at the Bishop Corporation level | ■ Tax-free under Section 7.21<br>■ Tax-inefficient since will have to pay taxes on the partnership earnings which will effectively be rolled under the MLP |
| (6) Asset purchase at the KPC level for cash | ■ Very tax inefficient, double taxation – once at the corporate tax rate for the gain on the sale, and for a second time at the Bishop level when the cash is taken out of the corporation | |



GOVERNMENT EXHIBIT

300

**07/19/99**   Project Ruby
Contact Sheet

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|

**TIER I - Initial A List**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| Chase | **Cinergy Corp** 221 East Fourth Street, 30AT II (fedex) P. O. Box 960 (mail) Cincinnati, Ohio  45201 [Declined] | **Charles J. Winger ("Chuck")** Vice President, Corporate Development Tel: (513) 287-2313 Fax: (513) 287-3044 Brian Stallman Tel: 513-287-2413 Fax: -2461 Mgr., Corporate Development bstallman@cinergy.com Art Vivar Tel: 606-372-6816  Fax: 606-372-5740 | **1A** 1241223583 | Bill Manias Vean Gregg (David McSweeney) 312-541-4408 | 6/28/1999 Complete CA | | Medium to low probability Aggressive and acquisitive Utility and gas LDC - Ohio/Indiana Looking to expand beyond utility and LDC **Not a Fit** |
| Chase | **CMS** CMS Enterprises Fairlane Plaza South 330 Town Center Drive  Suite 1000 Dearborn, Michigan 48126-2712 [Declined] | Scott Bennett (primary contact) Tel: (313) 436-9435 Fax: (313) 436-0282 Paul A. Stadnikia (Director of Finance) Tel: (313) 436-8125 Fax: (313) 436-8151 | | Bill Manias Vean Gregg (David McSweeney) 312-541-4408 | 6/7/1999 Teaser 6/18/1999 Detailed Message 6/21/1999 Decline | | **Fryling said no bid deals** Top candidate - High Probability Recently acquired most of the Panhandle Assets    from Duke    (John Murphy transitioning into this role)    (FEB/MAR conversations with Dennis       Bill Haener, CEO CMS Gas Transmission & Storage       Tim Young, Exec. VP, CMS Gas Transmission |
| Chase FBR | **The Coastal Corporation** Nine Greenway Plaza Houston, TX 77046-0995 [Declined] | Chase **Don Gullquist - SVP Finance** Tel: (713) 877-7640 Fax: (713) 297-1734 donald.gullquist@coastalcorp.com Austin O'Toole Tel: austin.o'toole@coastalcorp.com FBR Mike Heim, EVP & C.O.O., Coastal Field Services Phone: (713) 877-7975 | **4B** | Bill Manias Vean Gregg (Bruckmannn/Manias) 212-270-3535 | 6/10/1999 Teaser 6/21/1999 Sent CA | | Existing interstate pipelines in region    (ANR, CIG, WIG) Gullquist is the gateway for Chase FBR contact is Heim **Not a fit now** |
| Chase FBR | **Enron Corp** Enron Pipeline Company 1400 Smith Street Houston, Texas  77002-4835 [Data Room Visit] | **John Goodpasture** Vice President, Business Development Tel:  713-853-4735  Fax:  713-646-4763 john.goodpasture@enron.com Lee Huber Suite: 4781/ 713-853-6981 FBR Rockey Storie (Reg. VP, Southwest Markets) Tel:  713-853-4835 Fax:  713-646-4095 Drew Fossum, Attorney, Tel. 402-398-7449 Fax 402-398-7426 Stan Horton  - CEO Enron Interstate Pipe Group Frank Bay - Heads Enron Transportation & Storage (reports to Horton) | **2A , 1B** | Bill Manias Vean Gregg (Rick Walker) | 6/28/1999 Complete CA | | High probability Trading optionality - very acquisitive Niche marketing play Dennis will discuss CA with Fossum Fossum prev. worked at KPC |
| Chase | **PG&E Gas Transmission** 1100 Louisiana Suite 1000 Houston,TX 77002 [Declined] | Tom King President and COO Tel: (713) 371-6701 | | Bill Manias Vean Gregg (Peter Bickford) 212-270-6992 | 6/7/1999 Teaser 6/15/1999 Declined CA | | Looking for complementery acquisitions Own old Valero and Teco assets Mainly Texas Looking to grow gas transmission business    (per meeting in early May) |
| Chase | **Sempra** Sempra Energy 101 Ash Street, 17th Floor San Diego, CA 92101-3017 [Declined] | Michael Altman VP - Corporate Planning and Development Tel: 619-696-4636 Fax: 619-696-4577 Greg Bartholomew (primary contact) Consultant, Corporate Planning & Development Tel:  619-696-2708 | | Bill Manias Vean Gregg (Peter Bickford) 212-270-6992 | 6/7/1999 Teaser 6/18/1999 Requested CA | | DEAL BROKE OFF WITH KN Medium/high probability Leverage on an issue in this size deal Stock has taken hit and debt will likely be    downgraded |

GOVERNMENT EXHIBIT 301

ENB-DOJ-035891

**07/19/99**   Project Ruby

Contact Sheet

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| Chase | **Utilicorp United**<br>Aquila Energy<br>20 West 9th Street<br>M.S. 8-120<br>Kansas City, MO<br><br>[Declined] | **John Shealy, Senior VP**<br>Tel: 713-336-7499  Pager: 888-330-1067<br>Fax: 713-336-7699<br>**Rick Frantz  Tel: 816-467-3471**<br>Chuck Dempster, Chairman & CEO<br>Tel: 816-467-3460<br>Tel: 816-467-3024 Fax: 402-498-4261 | **3A**<br>**Houston Express** | Bill Manias<br>Vean Gregg<br><br>(Peter Bickford)<br>212-270-6992 | | 6/21/1999<br>Sent CA | High probability<br>Convergence play - 60% gas / 40% electric<br>Active operator in region<br>Completed minority shares deal for Aquilla<br>Missouri Public Service Company<br>Chase advised in their first merchant power deal recently<br>Stock structure an issue |
| Chase | **Unicom**<br>Commonwealth Edison Company<br>One First National Plaza<br>37th floor<br>Chicago, Illinois  60690-0767<br><br>[Declined] | Robert K. McDonald ("Bob")<br>Strategic Planning Vice President<br>Tel: (312) 394-4955<br>Fax: (312) 394-5219 | | Bill Manias<br>Vean Gregg<br><br>(David McSweeney)<br>312-541-4408 | | 6/7/1999<br>Detailed<br>VMS<br><br>6/18/1999<br>Declined<br>Interest | Medium to low probability<br>N. Illinois / Chicago Utility - Conn Edison Power<br>Distributor in Midwest and other integrated assets<br>Selling nuclear assets that should generate near<br> $4.8 billion in  by 4Q99<br>Looking hard at distribution assets in Midwest<br>[Currently have their hands full with something else] |
| Chase | **The Williams Companies**<br>Williams Gas Pipeline<br>Williams Tower, Level 2<br>2800 Post Oak Blvd, Level 21<br>Houston, TX 77056<br><br>[Separate Process] | Lew Posekany<br>Senior Vice President<br>Tel: 713-215-2456 Fax: 713-215-4269<br>**Jim Moore**<br>Tel: 713-215-3081  Fax: 713-215-3075<br>jim.c.moore@wgp.twc.com | **Public Info Only** | Bill Manias<br>Vean Gregg<br><br>(Bruckmannn/Glyphis)<br>212-270-3535 | | 6/8/1999<br>Teaser<br>6/16/1999<br>Requested<br><br>6/21/1999<br>Sent CA | High probability of interest<br>Pipelines and marketing - no utility assets<br>Own the rest of the KC market<br>Takeout play<br><br>Concerned about legal history with company |
| Ruby | **Midcoast Energy Resources, Inc.**<br>1100 Louisiana, Suite 2900<br>Attention: 32nd Floor<br>Houston, TX 77002<br><br>[Data Room Visit] | **Bill Bray c/o Richard Robert (CFO)**<br>Director, Business Development<br>Tel: 713-650-8900  Fax: 713-653-6710<br>Chris Kaitson, General Counsel<br>Tel:713-650-8900 Fax: 713-650-3232<br>ckaitson@midcoastenergy.com<br>Chip Berthelot (COO: 713-650-8900) | **4A** | Bill Manias<br>Vean Gregg<br><br>(Dennis Langley) | | 6/25/1999<br>Complete<br>CA | **Dennis spoke with Dan Tutcher, CEO**<br>Very interested to do deal<br>$170MM market cap<br>Would be a large acquisition<br>Stated they have $5-7MM in synergies<br>Suggested $175MM but may be able to get to 185 |
| Ruby | **Enogex Inc.**<br>515 Central Park Drive, Suite 600<br>Oklahoma City, Oklahoma  73105<br>(Affiliate of OG&E)<br><br>[Declined] | **Keith Mitchell**<br>Tel: 405-525-7788<br>Fax: 405-557-6886<br>kmitchell@enogex.com<br>Tulsa Tel: 918-591-2112<br>Tulsa : kmitchell@transok.com | | Bill Manias<br>Vean Gregg<br><br>(Dennis Langley) | | 6/16/1999<br>Teaser<br>6/22/1999<br>Sent<br>CA | Just bought Transok<br>Very familiar with system - former KPC employee<br><br>Busy on Transok so slow turnaround on CA<br>No capacity to look |
| Chase | **Haddington Venture, L.L.C.**<br>2603 Augusta, Suite 1130<br>Houston, TX 77057<br><br>[Data Room Visit] | **Chris Jones**<br>713-532-7992<br>**Robert D. Kincaid ("Bobby")**<br>Tel: 713-532-7992<br>Fax: 713-532-9922<br>bkinc@hvllc.com | **5A** | Bill Manias<br>Vean Gregg<br><br>(Glyphis/Petno)<br>713-216-8852 | | 6/23/1999<br>Sent<br>Teaser | Financial player with Energy Fund<br>Aggressively looking for investments in sector<br>Likes MLP-able assets<br>May be low probability - lack synergies of strategic<br> players<br>CCP is an investor in fund |
| Chase | **Ameren Corp**<br>1901 Choteau, 5th Floor<br>St. Louis, MO 63103<br><br>[Declined] | Don Brandt (Out until July 6th)<br>Senior Vice President, Finance<br>Tel: (314) 554-2473  Fax: (314) 554-3066<br>Warner Baxter, Controller | | Bill Manias<br>Vean Gregg<br><br>(David McSweeney)<br>312-541-4408 | | 6/22/1999<br>Detailed<br>VMS | Medium probability<br>Aggressively acquisitive<br>Convergence play on gas assets and LDCs<br>Regional play: Missouri (SL) and S. Illinois |
| Chase | **LG&E Energy Corp**<br>220 W. Main<br>Louisville, KY  40202 | R. Foster Duncan, EVP and CFO<br>Tel: 502-627-3992  Fax: 502-627-4035<br>**Greg Hallisey, Director of BD** | Diane Bowles<br>(502) 627-3782 | Bill Manias<br>Vean Gregg | | 6/22/1999<br>Detailed | Low probability<br>Close Chase relationship |

ENB-DOJ-035892

**07/19/99**    **Project Ruby**

**Contact Sheet**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| | | Tel: 502-627-3863 Fax: 502-627-2579 greg.hallisey@lgenergy.com **Dave Hennekes, Manager Tel: 502-627-4388** david.hennekes@lgenergy.com | | (Rob Bowen) 212-270-4215 | VMS 7/1/1999 Resent CA | | May want to look TX/NM assets - gathering, storage, processing Looking for acquisitions in $200mm range More focused on growing unregulated bus. |
| Chase | **New Century Energies, Inc.** 1225 17th Street Suite 600 Denver, CO 80202-5533  Declined | Doyle Bunch SVP Business Development Tel: (303) 294-8220 | | Bill Manias Vean Gregg  (Peter Bickford) 212-270-6992 | 6/23/1999 Detailed VMS Multiple VMS | | Low probability **Looking for downstream LDC customers** Not interested in pure pipe   (per meeting with Chase in early May) Bickford thinks unlikely |
| Chase | Northern States Power **Viking Gas Transmission Co.** 825 Rice Street St Paul, MN 55117 Merging with New Century  Declined | **Greg Palmer, President** Viking Gas Transmission Co. Tel: (651) 229-5514 Fax: (651) 265-7005 gregory.h.palmer@nspco.com **Todd Rushton, VP Investor Relations** Richard.T.Rushton@nspco.com Tel: 651- 229-2273 Fax: (651) 265-7005 | **6A** **1241223686** | Bill Manias Vean Gregg  (Peter Bickford) 212-270-6992 | 6/23/1999 Detailed VMS  6/28/1999 Sent CA | | Merging with New Century Interested to keep looking at deals |
| Chase | **NIPSCO Industries, Inc.** 801 East 86th Avenue Merrillville, Indiana 46410  Declined | Stephen Adik Exec. V.P. & CFO  Tel: (219) 647-6012 Fax: (219) 647-6060 | | Bill Manias Vean Gregg  (David McSweeney) 312-541-4408 Prefers to be on initial call | | | High probability Indiana utility with high interest in region Diversified with LDC, water, gas, some pipes Recently acquired Bay States Gas Integrated gas and looking for pipes In process of hostile on Columbia |
| Chase FBR | **Reliant Energy** 1111 Louisiana Street, Suite 4322 Houston, TX 77002  Data Room Visit | Chase Curt Morgan, VP of Planning and Corp Dev Tel: 713-207-8893 Tom Glanvel, VP of New Ventures FBR Cyril J. Zebot, VP Interstate Pipelines Group Tel: 713-207-5163 Fax: 713-207-0711 E-mail: czebot@reliantenergy.com Kevin Erwin (Legal) kerwin@reliantenergy.com Tel: 713-207-5232 / Fax: 713-207-0703 | **3B** | Bill Manias Vean Gregg (Lane Genatowski) 212-270-5827  (Pat Keeley) | 6/25/1999 Teaser 6/28/1999 CA | | Confirm Contact Information |
| Chase | **KN Energy, Inc.**   Declined | David Reece (Dennis' Contact) Tel: 303-763-3551 Clyde Mackenzie (Bruckmann's Contact) | | | 6/25/1999 Detailed Conversation | | Deregulation concerns Not needed defensively Disconnect on value the last time they looked ROW is valuable - but not that valuable Synergies with Pony Express Third company with access to SW side of KC BBB- on negative watch |

ENB-DOJ-035893

**07/19/99**   Project Ruby

**Contact Sheet**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| Chase FBR | **William Koch** Oxbow Corporation 339 West Bay Road Osterville, MA 02655  [Declined] | **William Koch ("Bill") Tel: x335** Gisella Garneau Tel: x235 Tel: 508-428-0700 Fax: 508-428-5999 E-mail: n/a Winter: 561-640-8852 | **7A** **1241227982** | Bill Manias Vean Gregg  (Dennis Langley) | 6/25/1999 Teaser 6/28/1999 Sent CA | Previously looked - Oxbow may be interested |
| SAL | **Buckeye Partners, L.P.** Buckeye Partners, L.P. 5 Radnor Corporate Center Suite 500 100 Matsonford Road Radnor, PA 19087  [Data Room Visit] | **David Martinelli, SVP & Treasurer** SVP & Treasurer tel: (610) 254-4630 fax: (610) 254-4626 dmartinelli@buckeye.com **Bill Shea** Tel: (610) 254-4650 **Steve Muther** Tel: (610) 254-4640 / fax: (610) 254-4625 | **8A** **1241223480** | Bill Manias | 6/25/1999 Detailed VMS | **Master Limited Partnership** |
| Chase | **Kaneb Pipeline Company** 2435 North Central Exy, Ste 700 Richardson, Texas 75080  [Data Room Visit] | **Edward D. Doherty ("Ed")** Chairman, CEO Tel: 972-699-4013 Fax: 972-699-1894 edoherty@kaneb.com **Ron Scoggins** Tel: 972-699-4047 | **9A** **1241223384** | Bill Manias  (Paschall Tosch) 713-216-4395 | 6/25/1999 Teaser  6/28/1999 Sent CA | **Master Limited Partnership** |
| Chase | **Questar Energy** 180 East 100 South PO Box 45433 Salt Lake City, UT 84145-0433  [Declined Memo] | Steve Parks, CFO (out until 7/6/99) Tel: 801-324-5497  **Steve Yeager, VP Business Development** Tel: 801-324-5029 Fax 801-324-5535 E-mail:stevey@qstr.com | | Bill Manias Vean Gregg  (Peter Bickford) 212-270-6992 | 6/25/1999 Detailed VMS | Medium probability and Colorado Wyoming and Colorado pipelines Primary focus on growing E&P business |
| Chase | **Kinder Morgan Equity Partners, LP**  [Declined] | Mike Morgan VP - Corporate Development Tel: 713-844-9504 Fax: 713-844-9570 E-mail: morganm@kindermorgan.com Joe Listengart Tel: 713-844-9556 Listengartj@kindermorgan.com | **3B** **Returned** | (Bill Bruckmann) 212-270-3535 | 6/25/1999 Detailed VMS | **Master Limited Partnership** Petno may have had more recent contact Decent access but not much Chase activity Aggressive - will look at anything All liquids to date - may not be interested in natural gas |
| Chase | **Dominion Resources** Riverfront Plaza / West Tower Suite 1700 901 East Byrd Street Richmond, VA 23219-4069  [Declined] | **G.E. Lake Jr.- SVP Dominion Energy** Tel: 804-819-2460 Fax: 804-819-2219  Busy on CNG but will look at Teaser | | Bill Manias Vean Gregg  (Rob Bowen) 212-270-4215 | 6/28/1999 Teaser | Medium probability Close Chase relationship - active strategic dialog Exiting Mid-Continent strategically but may look Ask Steve Wood about posture in Midcon May be distracted by CNG deal Focus on growth in Power and E&P |

ENB-DOJ-035894

07/19/99   Project Ruby

**Contact Sheet**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| | **TIER II - Additional names for consideration** | | | | | | |
| Chase | **Camp Group** ("Camp Investments") 8 Greenway Plaza, Ste 702 Houston, Texas 77046 | William R. Camp, Jr. ("Bill") Tel: 713-877-8257 Fax: 713-877-8107  Willard M. Hanzlik Tel: 512-236-1032 Cel: 512-656-4131 | | | SAL | | |
| Chase | **Central & Southwest** 1616 Woodall Rogers Freeway P.O. Box 660164 Dallas, TX 75266-0164 | | | (Bob Gillham) 212-270-7444 | | | Low probability Owns Public Service Co. of Oklahoma Allen King at Chase TX - Dallas covers them Sold pipeline assets in Oklahoma Currently being acquired by Amer. Elec. Power  (May be distracted in current timing) |
| Chase | **Citizens Energy Services** 3 High Ridge Park PO Box 3801 Stamford, CT 06905 | Leonard Tow (Chairman, CEO) Robert J. Desantis (VP - CFO, Treasurer) Donald P. Weinstein (VP - Plng & Dev)  Tel: 203-329-8800 Fax: 203-325-5070 | | (Bob Gillham) 212-270-7444 | SAL | | Confirm Contact Information |
| Chase | **Entergy** 639 Loyola New Orleans, LA 70113 | | | Bill Manias Vean Gregg  (Lane Genatowski) 212-270-5827 | | | Rick thinks low probability - Genatowski? All utility and power marketing A lot of deregulated businesses Operations in LA, AL, MS, TX |
| Chase | **Enbridge, Inc.** 421 7th Ave.  Suite 2900 Calgary, Alberta  T2T 4K9 | Richard Bird Tel: 403-231-3912 Fax: 403-231-4844  Chuck Szmurlo | | (Bob Gillham) 212-270-7444 | | | Confirm Contact Information |
| Chase | **FPL Group, Inc.** 700 Universe Blvd. PO Box 14000 Juno Beach, FL 33408 | Michael W. Yackira Tel: 561-694-4704 Fax: 561-694-6299 | | Bill Manias Vean Gregg  (Lane Genatowski) 212-270-5827 | | | Medium to low probability Unpredictable but may wish to look Can be aggressive Utility in Florida |
| SAL | **First Australian Resources** 600 17th Street, #2410 South Denver, Co  80202 | Charles Cavanis Tel: 303-436-9527 Fax: 303-436-1101 | | | SAL | | |

ENB-DOJ-035895

07/19/99     **Project Ruby**

<span style="color:red">**Contact Sheet**</span>

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| Chase | GPU, Inc.<br>300 Madison Ave.<br>P.O. Box 1911<br>Morristown, NJ  07962-1911<br><br>(sensitive - Rob will make first call) | Bruce Levy, CFO<br>Tel: 973-455-8750<br>Fax: 973-455-8725 | | (Rob Bowen)<br>212-270-4215 | | SAL | Low probability<br>NJ electric utility / Gas LDC in Australia<br>Not interested in FERC regulated pipes<br>May look at niche plays with high profitability |
| Chase | **Intermountain Industries, Inc.**<br>555 South Cole Road<br>Boise, Idaho  83709 | William C. Glynn ("Bill")<br>President<br>Tel: 208-377-6051<br>Fax:  208-337-6097 | | | | SAL | |
| SAL | **MCNIC Pipeline & Processing Company**<br>370 17th Street, Suite 305<br>Denver, CO  80202<br><br>1360 Post Oak Blvd, Ste 1500<br>Houston, Texas  77056 | Liz Simonton<br>Tel: 303-626-2905<br>Fax: 303-620-9493<br><br>Jim Schweizer<br>Tel: 713-585-4822<br>Fax: 713-585-4860<br>Pgr:  888-541-7604 | | (David McSweeney)<br>312-541-4408 | | SAL | Low probability<br>Michigan LDC<br>Small convergence plays<br>Has LDC subsidiary and unregulated subsidiary<br>Stock recently tanked - cleaning house<br>Pulling back a little recently |
| Chase | **Muckleroy, Inc.**<br>8925 Memorial Drive<br>Houston, Texas  77024-5810 | J. Michael Muckleroy<br>Tex: 713-290-0680<br>Fax:  713-290-0681<br><br>Preston Bonnerman<br>Tel: | | | | SAL | |
| Chase | **ONEOK, Inc. (Western Resources)**<br>100 West Fifth Street<br>P.O. Box 871<br>Tulsa, OK  74102<br><br>On Hold Per Dennis | David L. Kyle<br>President, COO<br>Tel: 918-588-7000 | | Bill Manias<br>Vean Gregg<br><br>(Bob Gillham)<br>212-270-7444 | | | Owns KGS<br>Gillham knows Western Resources<br>Recent legal action presents confidentiality risk<br>Affiliated litigation with KGS |
| Chase | **Oklahoma Gas and Electric - OGE**<br>321 North Harvey, 11th floor<br>Oklahoma City, Oklahoma  73102<br><br>Affiliated with Enogex | James R. Hatfield<br>Vice President and Treasurer<br><br>Tel: (405) 553-3984<br>Fax: (405) 553-3567 | | Bill Manias<br>Vean Gregg<br><br>(David McSweeney)<br>312-541-4408<br>Prefers to be on initial call | | | Medium probability<br>Regional play<br>Conservative style - old style utility mentality<br>Will probably look<br>Market pressure to do something |
| Chase | **Southern Company**<br>270 Peachtree Street<br>Atlanta, GA 30303 | Tel: 404-506-5000 | | Bill Manias<br>Vean Gregg<br><br>(Lane Genatowski)<br>212-270-5827 | | | |
| Chase | **Texas Utilities**<br>Energy Plaza | Tel: 214-812-4600 | | Bill Manias | | | |

ENB-DOJ-035896

**07/19/99**    Project Ruby

**Contact Sheet**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| | 1601 Bryan Street Dallas, TX 75201-3411 | | | Vean Gregg | | | |
| | Declined | | | (Lane Genatowski) 212-270-5827 | | | |

**Excluded Companies**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ruby | **Atmos Energy Corp** 3 Lincoln Center 5430 LBJ Freeway, Ste 1800 Dallas, Texas 75240 | Larry J. Dagley (CFO) Tel: 972-855-3767 Fax: 972-855-3793 Pat Redy (VP Corp Dev) | | Bill Manias Vean Gregg | | | Customer of Ruby system Paschall Tosch has contacts as well |
| Chase | **Koch Industries** 4111 East 37th Street North Wichita, KS 67220 | Andrew Mittag Tel: 316-832-5500 | | Bill Manias Vean Gregg (Rick Walker) 713-216-8850 | | | High probability Trading optionality - very acquisitive |

ENB-DOJ-035897

**07/19/99**   Project Ruby

**Contact Sheet**

| Contact | Name of Company and Address | Name of Contact and Title and Telephone | Book #/ Shipper/ Order # (Tracking Number) | Team Contacts with (Client Mgr) | CA Sent (signed) OM Sent OM Number | Last Contact | Comments |
|---|---|---|---|---|---|---|---|
| Chase | **Duke Energy** 422 South Church Street Charlotte, NC  28202 | David Hauser SVP - Treasurer Tel: 704-382-5963<br><br>Leonard B. "Buck" Gatewood SVP - Strategic Plng & Dev Tel:  704-382-3737 Hou:  713-627-4100 | | Bill Manias Vean Gregg<br><br>(Rob Bowen) 212-270-4215 | | | Low probability given Panhandle sale May be interested in niche play More focussed on GPM businesses |
| Chase | **Southern Union Company** Suite 800 Austin, TX 78701 | Owner: George Lindemann Stanley Mayer Tel: 512-447-5852 Ron Endres Tel: 512-370-8300 | | Bill Manias Vean Gregg<br><br>(Lane Genatowski) 212-270-5827 (Ken Sample prefers to be on initial call) | SAL | | Ken Sample, Chase Austin (512) 479-2778 Missouri, Texas, Florida, Mexico Acquisitive and aggressive Looked hard at deals in the past Own some very small pipes in Texas PR issues in KC with MGE CA to not intervene in rate contract |

**Other Contact Information**

| | |
|---|---|
| **Friedman, Billings, Ramsey & Co. Inc. (FBR)** Potomac Tower 1001 Nineteenth Street North Arlington, VA 22209 | Patrick J. Keeley, Managing Director Tel: 703-469-1221      Fax: 703-469-1090 pkeely@fbr.com<br><br>Matt Jones, Vice President Tel: 703-312-9697      Fax: 703-469-1090 mjones@fbr.com |
| **Vinson & Elkins (V&E)** Washington D.C. | Anita Wilson Tel. 202-639-6776 |

ENB-DOJ-035898



**Williams**

~ *Gas Pipeline* ~   ~ *Energy* ~   ~ *Communications* ~

## FACSIMILE TRANSMITTAL

2800 Post Oak Boulevard
Houston, Texas 77056 U.S.A.
Tel. #: 713/215-2000

P. O. Box 1396
Houston, Texas 77251 U.S.A.
Fax #: 713/215-3075

**DATE:**   8/5/99

**TOTAL # OF PAGES:**   7     **FAX No.:**   816-374-~~3200~~  *3300*

**FROM:**   **TO:**   Vean Gregg

| | | |
|---|---|---|
| ____ | Anita Brown *Assist.* | (713) 215-2025 |
| ____ | Earl Burroughs | (713) 215-2365 |
| ____ | Cavan Carlton | (713) 215-3086 |
| ____ | Tom Compson | (713) 215-3080 |
| ____ | Mike Fielding | (713) 215-3083 |
| ____ | Stan Hooley | (713) 215-3088 |
| ____ | Chuck Matthews | (713) 215-2364 |
| XX | Jim Moore | (713) 215-3081 |
| ____ | Scott Turkington | (713) 215-3391 |
| ____ | Susan Walker-Spalding | (713) 215-3082 |
| ____ | Michael Wu | (713) 215-2362 |
| ____ | Steve Lagrone | (713) 215-3116 |

**TO:**   Vean Gregg

____ 36th Floor

**MESSAGE:**

Attached are our changes to the confidentiality agreement.

If you agree, please revise and send it back to us for us to sign.

Thanks,

Jim Moore

The information contained in this entire facsimile message is CONFIDENTIAL AND PRIVILEGED, intended solely for the use of those addressed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the telecopied information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the above number to arrange for the return of the original document to us. Thank you.

KP1996

RECEIVED TIMEAUG. 5. 6:24PM        PRINT TIMEAUG. 5. 6:52PM

**GOVERNMENT EXHIBIT**
PENGAD-Bayonne, N.J.
302

ENB-DOJ-024885

# MUTUAL CONFIDENTIALITY AGREEMENT

AGREEMENT made as of the ___th day of _____, 1999 between The Bishop Group, Ltd. ("Company") and Williams Gas Pipeline ("Williams").
*Company*

WHEREAS, Williams is in the business of developing, owning and operating interstate and/or intrastate natural gas transmission lines, the sale and/or transportation of natural gas and other energy related projects;

WHEREAS, Company is in the business of developing, owning and operating interstate and/or intrastate natural gas transmission lines, the sale and/or transportation of natural gas and other energy related projects;

WHEREAS, Company is the ultimate corporate owner of 100% of the general partnership interests in Kansas Pipeline Company, a Kansas general partnership (the "Pipeline");

WHEREAS, Williams and Company may have provided and may in the future provide each other with certain information for the purpose of discussing the possible merger and/or consolidation of the Company and Williams and/or the sale and/or acquisition of certain assets or stock of the Company by Williams (hereafter collectively referred to as the "Purpose"); and

WHEREAS, Company and Williams desire to establish certain conditions with respect to information disclosed to each other;

NOW THEREFORE, the parties, intending to be legally bound hereby, do agree as follows:

1.   **Restricted Information.**   The term "Restricted Information" shall include all information that is not known by or available to the public and that concerns the business or affairs of Company or Williams, including existing Company or Williams projects and those in development; the identity of Company's and Williams's business partners or prospective business partners; the terms, conditions, and prices or the proposed terms, conditions and prices of any contract between Williams and Company; the financial records of Williams and/or the Company; and any other information identified by Williams or Company as confidential. Company and Williams each acknowledge and agree that in the course of, or incident to, the Purpose, Williams and Company may provide to each other or Company and Williams each may otherwise become exposed to the Restricted Information and that Company's and Williams's access to the Restricted Information is necessary to enable Company and Williams to perform the Purpose. The party disclosing Restricted Information hereunder makes no warranty, express or implied, regarding the accuracy, completeness or usefulness of the Restricted Information furnished hereunder and the receiving party shall use the Restricted Information at its own risk and discretion. At the request of the party disclosing Restricted Information, the receiving party will promptly deliver to the disclosing party all such Restricted Information (including all copies thereof made by ~~Williams~~ the receiving party) and the *or destroy*

sbl\forms\Confid Agmt-Williams-5

KPI997

ENB-DOJ-024886

receiving party will certify, in writing, to the disclosing party that the receiving party has so complied.

2.    **Non-Disclosure.**    Company and Williams each agree that at all times: (a) it will protect the Restricted Information received from the other party from disclosure to persons not authorized herein by exercising at least the same care with respect thereto as it exercises with respect to its own confidential information of like kind, except if disclosure is required pursuant to a subpoena or court order (in which event the party receiving such subpoena or order shall promptly give the other party written notice), however, the party subject to such subpoena or court order will provide all the other parties a reasonable opportunity to seek a protective order or other remedy to prohibit or limit disclosure of Restricted Information and shall offer all reasonable cooperation   for any such efforts to prohibit or limit the disclosure of any such Restricted Information; and (b) it will not employ the Restricted Information for any purpose other than the Purpose. The foregoing shall not prohibit or limit Company's or Williams's use of Restricted Information (including, but not limited to, ideas, concepts, know-how, techniques and methodologies) which: (a) was previously known to it; (b) was independently developed by it; (c) was rightfully acquired by it from a third party without continuing restriction on use of which it is aware; or (d) is or becomes part of the public domain through no breach by Company or Williams of this Agreement. The parties recognize that certain Restricted Information of the other party that will be disclosed pursuant to this Agreement is highly competitively-sensitive, and agree, therefore, that any use of such information received from the other party to interfere with or participate in current or potential business relationships of the other party is strictly prohibited.

3.    **No Transaction Obligated.** This Agreement shall in no way be deemed to require the disclosure by either party of any Restricted Information, which shall solely be at the discretion of the disclosing party, or to require either party to proceed with any proposed transaction which is disclosed herein.

4.    **Restricted Dissemination.**   The parties agree to restrict the dissemination of Restricted Information within its organization and/or that of their respective affiliates and those persons having a need to know such information in performing the purpose. Company and Williams each agree to take such actions as are necessary, including appropriate instructions to its subsidiaries, affiliates, officers, directors and employees, to enable it to perform its obligations hereunder In the event either party shall have the knowledge of any breach of the confidentiality of or misrepresentation of any Restricted Information, the party with said knowledge will promptly notify the other.

5.    **Assignment.** This Agreement may not be assigned by either party hereto without the prior written consent of the other party, which consent may be withheld for any reason or no reason at all. Any assignment or delegation of any portion of this Agreement consented to in writing by the non-assigning party, shall only become effective upon Notice of such assignment to the other party being consented to by the non-assigning party.

sb\forms\Confid Agmt-Williams-F                            2

KPI998

RECEIVED TIME AUG. 5   5:24PM          PRINT TIME AUG. 5

ENB-DOJ-024887

6.     Notices.  All notices and other correspondence required or made necessary by the terms of this Agreement shall be delivered to the respective parties hereto by registered mail, return receipt requested at the following addresses:

COMPANY:                    The Bishop Group, Ltd.
                            8325 Lenexa Drive, Suite 400
                            Lenexa, KS 66214
                            Telephone: 913-888-7139
                            Fax: 913-599-5645

WILLIAMS:                   Williams Gas Pipeline  Company
                            2800 Post Oak Boulevard
                            Houston, TX 77056
                            Attention: Lewis A. Posekany, Jr.
                            Telephone:    (713) 215-2456
                            Fax:          (713) 215-4269

or to such other addresses as either party hereto may unilaterally designate in writing to the other. Duplicate notices may also be given by any of the following forms: telegram, telex, telecopy and/or personal delivery.  A notice shall be deemed received when the first form of notice or duplicate notice is actually received by the party to whom it is addressed.

7.     Waiver.  Each party reserves the right to waive, in whole or in part, any provision hereof which is for the benefit of that party, and such waiver shall not be construed as creating a course of conduct which prevents it from refusing to waive other provisions and/or the same provision thereafter.  Any party's failure or delay in protesting, or contending breach pursuant to Section 8 or taking legal and/or equitable action is no waiver of that cause of action, unless that party's delay to take action exceeds a reasonable time under the circumstances, exceeds a time frame limitation set forth elsewhere herein or exceeds the applicable statute of limitations.  Any party's failure or delay in protesting, or contending breach pursuant to Section 8 or taking legal and/or equitable action upon the other party's breach is not to be considered as being a waiver of that party's cause of action for any subsequent breach of the same or of a different nature.

8.     Breach, Notice and Cure.  In the event that either party believes the other party is in breach of the terms hereof for any reason(s), it shall provide written notice of such purported breach(s) describing such breach(s) with particularity (in fact and in legal impact) and the purported breaching party shall be granted ten (10) days from its actual receipt of such notice to cure said breach(s) if it concurs that the acts or omissions described in the notice(s) constitute breach(s), or it may elect to provide a cure to the complaining party's contended breach(s) even if the purported breaching party is of the belief that the  acts or omissions described in the notice(s) do not constitute a breach(s) hereof, and if so cured by the purported breaching party to the reasonable satisfaction of the complaining party, the breach(s) shall be deemed to have never occurred.  In the event the parties cannot agree as to whether the acts or omissions described in the notice(s) constitute a breach(s) of

sh\forms\Confid Agmt-Williams1-F                    3

KPl999

RECEIVED TIMEAUG. 4. 3:03PM          PRINT TIMEAUG. 4. 3
RECEIVED TIMEAUG. 4. 3:03PM          PRINT TIMEAUG. 4.

ENB-DOJ-024888

the terms hereof, and the purported breaching party does not elect to cure the alleged breaches to the reasonable satisfaction of the complaining party, then the parties may elect to resolve the same by any legal remedies available. All reasonable costs of court proceedings shall be borne by the losing party in litigation. The losing party shall be the party designated as such by the Court. In the event both parties prevail on certain issues and lose on others, the costs shall be apportioned between the parties in any manner the Court orders. Such costs shall include, but are not limited to, the following:

Court costs;

Legal expenses of both parties during the course of and in preparation for the court proceedings;

Travel and out-of-pocket expenditures of either party in preparation for the court proceedings;

Accounting, professional and/or expert witness fees actually expended by either party in preparation for or during the course of court proceedings, etc.

In the event there is any dispute regarding what constitutes such an expense or cost or the reasonableness of a particular item of expense submitted, the Court shall resolve the same.

9.  **Termination of Agreement.** Either party to this Agreement may terminate the Agreement upon thirty (30) days written notice to the other at the addresses provided below or at such other address as may be substituted in writing. The provisions of this Agreement shall survive the termination of this Agreement for a period of three (3) years after the termination with regard to any Restricted Information disclosed prior to the date of termination.

10.  **Miscellaneous.**  It is understood that the covenants of this Agreement and the Restricted Information disclosed hereunder are special, unique and of an extraordinary character, and that disclosure of any such Restricted Information will cause irreparable harm to the party whose Restricted Information has been disclosed; and the use of the Restricted Information for the business purposes of any party other than the owner of the Restricted Information would enable such party to compete unfairly with said other party. The parties agree that monetary damages are an insufficient remedy for any actual or anticipatory breach of this Agreement, and that injunctive relief is an appropriate remedy to prevent the unwarranted disclosure of any Restricted Information. In addition, a party hereunder shall be entitled to any remedy to which it may be entitled by law, including, but not limited to, injunctive relief, specific performance and damages. The parties hereto agree to indemnify and hold the other harmless from any breach of this Agreement, including the non-breaching party's reasonable attorney's fees and costs incurred in enforcing the agreement.

11.  **Agreement Governed by the Laws of Kansas.** This Agreement and the obligations of the parties hereunder, shall be interpreted, construed, and enforced in accordance with the laws, and not the laws pertaining to choice or conflict of laws, of the state of Kansas.

sh\forms\Confid-Agmt-Williams-F

4

KPI1000

RECEIVED TIME AUG. 8   5:24PM

PRINT TIME AUG. 8   5

ENB-DOJ-024889

12. **Amendments.** Except as otherwise provided for herein, any changes in the provisions of this Agreement made subsequent to its execution shall be made by formal, written and mutually executed amendments. It is stipulated that oral modifications and amendments hereto or other parole evidence shall not be binding and that no evidence of oral amendments or modifications shall be admissible during arbitration or other adjudication.

13. **Agreement Subject to Laws.** If any provision of this Agreement or the application thereof to any party or any circumstance shall be found to be contrary to, or inconsistent with or unenforceable under any law, rule, regulation or order, the latter shall control and this Agreement shall be deemed modified accordingly, but in other respects the Agreement shall continue in full force and effect, subject to the modifications necessary to preserve the intent and considerations due the parties as set forth in this Agreement.

14. **Titles of Articles, Sections and Subsections.** The title and subtitles of articles, paragraphs and subparagraphs of this Agreement are for convenience only, are not part of the terms of this Agreement, are without legal or contractual significance, and as such shall not govern the terms of or in any way influence the interpretations of this Agreement.

15. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be in an original, but all of which shall be deemed to constitute one instrument. This Agreement or any document executed in connection herewith shall be binding upon such signator party, if said signature is delivered by telecopier or other like transmission.

16. **Further Assurances.** The parties hereby agree to execute, acknowledge and deliver to each other any further writings, documents, transfers, acknowledgments, instruments, powers of attorney, authorizations, filings, applications, reports, etc. that may be reasonably required to give full force and effect to the provisions of this Agreement, and to take such further actions reasonably required in fulfillment of obligations set forth herein or in furtherance of the intent hereof.

17. **Independent Legal Counsel.** The law firm of Tino M. Monaldo, Chartered has represented Company exclusively in the negotiation, drafting and execution of this Agreement. Williams has been represented by its own independent legal counsel or has had the opportunity for said independent counsel and has waived that opportunity.

IN WITNESS WHEREOF, the undersigned, with full authority of their respective parties to bind them, have executed this Agreement as of the date first above written.

Executed on behalf of COMPANY

Company

8325 Lenexa Drive
Suite 400
Lenexa, KS 66214

j\\\forms\Confid Agmt-Williams-F

Executed on behalf of **Williams Gas Pipeline**

2800 Post Oak Blvd.
Houston, TX 77056

5

KPI1001

RECEIVED TIMEAUG. 5. 5:24PM

PRINT TIMEAUG. 5

ENB-DOJ-024890

The Bishop Group, Ltd.   Williams Gas Pipeline Company

By:_____   By:_____
Name: Dennis Langley   Name: Lewis A. Posekany, Jr.
Title:   President     Title:_____

s:\forms\Confid Agmt-Williams-F     6

KPI1002

RECEIVED TIMEAUG.  4.  3:03PM
RECEIVED TIMEAUG.  5.  5:24PM

PRINT TIMEAUG.  4.  3:07PM
PRINT TIMEAUG.  5. @ 5:52PM

ENB-DOJ-024891



## Williams.

| ~ Gas Pipeline ~ | ~ Energy ~ | ~ Communications ~ |
|---|---|---|

### FACSIMILE TRANSMITTAL

2800 Post Oak Boulevard
Houston, Texas 77056 U.S.A.
Tel. #: 713/215-2000

P. O. Box 1396
Houston, Texas 77251 U.S.A
Fax #: 713/215-3075

DATE: 8/10/99

TOTAL # OF PAGES: 7

FAX No.: 713-216-8882

FROM:

TO: VEAN GREGG

| | | |
|---|---|---|
| _____ | Anita Brown *Assist.* | (713) 215-2025 |
| _____ | Earl Burroughs | (713) 215-2365 |
| _____ | Cavan Carlton | (713) 215-3086 |
| _____ | Tom Compson | (713) 215-3080 |
| _____ | Mike Fielding | (713) 215-3083 |
| _____ | Stan Hooley | (713) 215-3088 |
| _____ | Chuck Matthews | (713) 215-2364 |
| ✓ | Jim Moore | (713) 215-3081 |
| _____ | Scott Turkington | (713) 215-3391 |
| _____ | Susan Walker-Spalding | (713) 215-3082 |
| _____ | Michael Wu | (713) 215-2362 |
| _____ | Steve Lagrone | (713) 215-3116 |

MESSAGE:

ATTACHED IS THE CA SIGNED
BY WILLIAMS. PLEASE INITIAL THE
MINOR CHANGES ON PAGE 1 AND SIGN
THE CA. PLEASE RETURN ONE FULLY
EXECUTED COPY TO MY ATTENTION. THANKS
JM

The information contained in this entire facsimile message is CONFIDENTIAL AND PRIVILEGED, intended solely for the use of those addressed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the above number to arrange for the return of the original document to us. Thank you.

KPI1003

ENB-DOJ-024892

## MUTUAL CONFIDENTIALITY AGREEMENT

AGREEMENT made as of the 10 th day of August, 1999 between The Bishop Group, Ltd. ("Company") and Williams Gas Pipeline Company, ("Williams").

WHEREAS, Williams is in the business of developing, owning and operating interstate and/or intrastate natural gas transmission lines, the sale and/or transportation of natural gas and other energy related projects;

WHEREAS, Company is in the business of developing, owning and operating interstate and/or intrastate natural gas transmission lines, the sale and/or transportation of natural gas and other energy related projects;

WHEREAS, Company is the ultimate corporate owner of 100% of the general partnership interests in Kansas Pipeline Company, a Kansas general partnership (the "Pipeline");

WHEREAS, Williams and Company may have provided and may in the future provide each other with certain information for the purpose of discussing the possible merger and/or consolidation of the Company and Williams and/or the sale and/or acquisition of certain assets or stock of the Company by Williams (hereafter collectively referred to as the "Purpose"); and

WHEREAS, Company and Williams desire to establish certain conditions with respect to information disclosed to each other;

NOW THEREFORE, the parties, intending to be legally bound hereby, do agree as follows:

1.   **Restricted Information.**   The term "Restricted Information" shall include all information that is disclosed under this Agreement by either party to the other party and is not known by or available to the public and that concerns the business or affairs of the disclosing party including existing projects and those in development of the disclosing party; the identity of ~~and~~ the disclosing party's business partners or prospective business partners; the terms, conditions, and prices or the proposed terms, conditions and prices of any contract between Williams and Company; the financial records of the disclosing party; and any other information identified by the disclosing party as confidential.  Restricted Information shall not include information (including, but not limited to, ideas, concepts, know-how, techniques and methodologies) which: (a) was previously known to the receiving party; (b) was independently developed by the receiving party; (c) was rightfully acquired by the receiving party from a third party without continuing restriction on use of which the receiving party is aware; or (d) is or becomes part of the public domain through no breach by the receiving party ~~or Williams~~ of this Agreement. Company and Williams each acknowledge and agree that in the course of, or incident to, the Purpose, Williams and Company may provide to each other or Company and Williams each may otherwise become exposed to the Restricted Information and that Company's and Williams's access to the Restricted Information is necessary to enable Company and

sh\forms\Confid Agmt-Williams-F2

KPI1004

ENB-DOJ-024893

Williams to perform the Purpose. The party disclosing Restricted Information hereunder makes no warranty, express or implied, regarding the accuracy, completeness or usefulness of the Restricted Information furnished hereunder and the receiving party shall use the Restricted Information at its own risk and discretion. At the request of the party disclosing Restricted Information, the receiving party will promptly deliver to the disclosing party or destroy all such Restricted Information (including all copies thereof made by the receiving party) and the receiving party will certify, in writing, to the disclosing party that the receiving party has so complied.

2. **Non-Disclosure.** Company and Williams each agree that at all times: (a) it will protect the Restricted Information received from the other party from disclosure to persons not authorized herein by exercising at least the same care with respect thereto as it exercises with respect to its own confidential information of like kind, except if disclosure is required pursuant to a subpoena or court order (in which event the party receiving such subpoena or order shall promptly give the other party written notice), however, the party subject to such subpoena or court order will provide all the other parties a reasonable opportunity to seek a protective order or other remedy to prohibit or limit disclosure of Restricted Information and shall offer all reasonable cooperation for any such efforts to prohibit or limit the disclosure of any such Restricted Information; and (b) it will not employ the Restricted Information for any purpose other than the Purpose. The parties recognize that certain Restricted Information of the other party that will be disclosed pursuant to this Agreement is highly competitively-sensitive, and agree, therefore, that any use of such information received from the other party to interfere with or participate in current or potential business relationships of the other party is strictly prohibited.

3. **No Transaction Obligated.** This Agreement shall in no way be deemed to require the disclosure by either party of any Restricted Information, which shall solely be at the discretion of the disclosing party, or to require either party to proceed with any proposed transaction which is disclosed herein.

4. **Restricted Dissemination.** The parties agree to restrict the dissemination of Restricted Information within its organization and/or that of their respective affiliates and those persons having a need to know such information in performing the purpose. Company and Williams each agree to take such actions as are necessary, including appropriate instructions to its subsidiaries, affiliates, officers, directors and employees, to enable it to perform its obligations hereunder In the event either party shall have the knowledge of any breach of the confidentiality of or misrepresentation of any Restricted Information, the party with said knowledge will promptly notify the other.

5. **Assignment.** This Agreement may not be assigned by either party hereto without the prior written consent of the other party, which consent may be withheld for any reason or no reason at all. Any assignment or delegation of any portion of this Agreement consented to in writing by the non-assigning party, shall only become effective upon Notice of such assignment to the other party being consented to by the non-assigning party.

2

KPI1005

6.    **Notices.** All notices and other correspondence required or made necessary by the terms of this Agreement shall be delivered to the respective parties hereto by registered mail, return receipt requested at the following addresses:

COMPANY:

> The Bishop Group, Ltd.
> 8325 Lenexa Drive, Suite 400
> Lenexa, KS 66214
> Telephone: 913-888-7139
> Fax: 913-599-5645

WILLIAMS:

> Williams Gas Pipeline  Company
> 2800 Post Oak Boulevard
> Houston, TX 77056
> Attention: Lewis A. Posekany, Jr.
> Telephone:    (713) 215-2456
> Fax:          (713) 215-4269

or to such other addresses as either party hereto may unilaterally designate in writing to the other. Duplicate notices may also be given by any of the following forms: telegram, telex, telecopy and/or personal delivery. A notice shall be deemed received when the first form of notice or duplicate notice is actually received by the party to whom it is addressed.

7.    **Waiver.** Each party reserves the right to waive, in whole or in part, any provision hereof which is for the benefit of that party, and such waiver shall not be construed as creating a course of conduct which prevents it from refusing to waive other provisions and/or the same provision thereafter. Any party's failure or delay in protesting, or contending breach pursuant to Section 8 or taking legal and/or equitable action is no waiver of that cause of action, unless that party's delay to take action exceeds a reasonable time under the circumstances, exceeds a time frame limitation set forth elsewhere herein or exceeds the applicable statute of limitations. Any party's failure or delay in protesting, or contending breach pursuant to Section 8 or taking legal and/or equitable action upon the other party's breach is not to be considered as being a waiver of that party's cause of action for any subsequent breach of the same or of a different nature.

8.    **Breach, Notice and Cure.** In the event that either party believes the other party is in breach of the terms hereof for any reason(s), it shall provide written notice of such purported breach(s) describing such breach(s) with particularity (in fact and in legal impact) and the purported breaching party shall be granted ten (10) days from its actual receipt of such notice to cure said breach(s) if it concurs that the acts or omissions described in the notice(s) constitute breach(s), or it may elect to provide a cure to the complaining party's contended breach(s) even if the purported breaching party is of the belief that the  acts or omissions described in the notice(s) do not constitute a breach(s) hereof, and if so cured by the purported breaching party to the reasonable satisfaction of the complaining party, the breach(s) shall be deemed to have never occurred. In the event the parties cannot agree as to whether the acts or omissions described in the notice(s) constitute a breach(s) of the terms hereof, and the purported breaching party does not elect to cure the alleged breaches to the

3

KPI1006

ENB-DOJ-024895

AUG-10-1999  12:11        THE WILLIAMS COS.

12.     **Amendments.** Except as otherwise provided for herein, any changes in the provisions of this Agreement made subsequent to its execution shall be made by formal, written and mutually executed amendments. It is stipulated that oral modifications and amendments hereto or other parole evidence shall not be binding and that no evidence of oral amendments or modifications shall be admissible during arbitration or other adjudication.

13.     **Agreement Subject to Laws.** If any provision of this Agreement or the application thereof to any party or any circumstance shall be found to be contrary to, or inconsistent with or unenforceable under any law, rule, regulation or order, the latter shall control and this Agreement shall be deemed modified accordingly, but in other respects the Agreement shall continue in full force and effect, subject to the modifications necessary to preserve the intent and considerations due the parties as set forth in this Agreement.

14.     **Titles of Articles, Sections and Subsections.** The title and subtitles of articles, paragraphs and subparagraphs of this Agreement are for convenience only, are not part of the terms of this Agreement, are without legal or contractual significance, and as such shall not govern the terms of or in any way influence the interpretations of this Agreement.

15.     **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be in an original, but all of which shall be deemed to constitute one instrument. This Agreement or any document executed in connection herewith shall be binding upon such signator party, if said signature is delivered by telecopier or other like transmission.

16.     **Further Assurances.** The parties hereby agree to execute, acknowledge and deliver to each other any further writings, documents, transfers, acknowledgments, instruments, powers of attorney, authorizations, filings, applications, reports, etc. that may be reasonably required to give full force and effect to the provisions of this Agreement, and to take such further actions reasonably required in fulfillment of obligations set forth herein or in furtherance of the intent hereof.

17.     **Independent Legal Counsel.** The law firm of Tino M. Monaldo, Chartered has represented Company exclusively in the negotiation, drafting and execution of this Agreement. Williams has been represented by its own independent legal counsel or has had the opportunity for said independent counsel and has waived that opportunity.

5

KPI1008

ENB-DOJ-024896

IN WITNESS WHEREOF, the undersigned, with full authority of their respective parties to bind them, have executed this Agreement as of the date first above written.

Executed on behalf of COMPANY

Executed on behalf of **Williams Gas Pipeline Company**

8325 Lenexa Drive
Suite 400
Lenexa, KS 66214

2800 Post Oak Blvd.
Houston, TX 77056

**The Bishop Group, Ltd.**

**Williams Gas Pipeline Company**

By:_____
Name: Dennis Langley
Title: President

By: _____
Name: Lewis A. Posekany, Jr.
Title:

6

KPI1009

ENB-DOJ-024897



KANSAS PIPELINE COMPANY
8325 LENEXA DRIVE • SUITE 400
LENEXA, KANSAS 66214
913-888-7139 • FAX 913-599-2573

August 21, 1999

Mr. Tom Compson
Williams Gas Pipeline
Williams Tower, Level 2
2800 Post Oak Blvd.
Houston, TX 77056

Dear Mr. Compson:

Enclosed please find a detailed map of the Kansas Pipeline Company pipelines that you
requested of Vean Gregg at Chase Manhattan Bank.  If you should have any questions, please
advise.

Sincerely,

Kansas Pipeline Company.

Yvette C. Korb
Vice President, Administration

*map mailed to them was 4.19(a) Dainnon map*

KPI1010

ENB-DOJ-024898



ATTENTION : TOM COMPSON
Williams GAS Pipeline
Williams Tower, Level 2
2800 Post OAK BLVD
HOUSTON, TX 77056
Tel # 713 - 215 - 3080

KPI1011

ENB-DOJ-024899

Kansas Pipeline Company
Annual Report FERC Format No. 567
Twelve Month Period Ending December 31 , 1998
CFR 260.8

| Contents | Item No. | Page(s) |
|---|---|---|
| System Map | 2 | 1 |
| Flow Diagrams | 1,2,3,4 | 2,3,4 |
| Compressor Data | 5,6,7,8,9 | 5 |
| Interconnect Data | 10 | 6 |
| Storage Information | 11 | 7 |
| Deliveries by Point | 12(i) | 8 |
| Peak Day Deliveries | 12(ii) | 9 |
| Shipper Data | 12(iii) | 10 |
| Receipts by Point | 13 | 11 |
| Peak Day Receipts | 14 | 12 |

KPl1012

FERC 567

ENB-DOJ-024900



KPI1013

ENB-DOJ-024901



ENB-DOJ-024902



ENB-DOJ-024903



ENB-DOJ-024904

Kansas Pipeline Company

Compressor Data

Modeled Data

CFR 260.8 items 4,5,6,7,8 & 9

STATION:

Pawnee,Ok

| | |
|---|---|
| MAOP: | 1200 Psig |
| Available Horsepower: | 5,912 HP |
| Suction Pressure: | 425 Psig |
| Discharge Pressure: | 1200 Psig |
| Volume Compressed: | 91,143 Mcf/d |
| Fuel: | 1,064 Mcf/d |

Beaumont,Ks

| | |
|---|---|
| MAOP: | 1,078 Psig |
| Available Horsepower: | 3,645 HP |
| Suction Pressure: | 602 Psig |
| Discharge Pressure: | 1,078 Psig |
| Volume Compressed: | 89,254 Mcf/d |
| Fuel: | 825 Mcf/d |

Ottawa,Ks

| | |
|---|---|
| MAOP: | 1,098 Psig |
| Available Horsepower: | 5,123 HP |
| Suction Pressure: | 421 Psig |
| Discharge Pressure: | 985 Psig |
| Volume Compressed: | 110,130 Mcf/d |
| Fuel: | 1,064 Mcf/d |

KPI1017

FERC 567

ENB-DOJ-024905

Kansas Pipeline Company
Interconnect Points
December 31 , 1998
CFR 260.8 item #10

| Point Name | Pressure of other line | KPC Pressure | Expected Flowrate |
|---|---|---|---|
| PEPL Spivey - Receipt (PEPL) | 550-650 Psi | 250-450 Psi | 2,000-14,000 Mcfd |
| Butler County - Delivery (WNG) | unknown | 350-700 Psi | unknown |
| Buffalo - Receipt (ANR Coastal) | 600-800 Psi | 300-500 Psi | 2,000-12,000 Mcfd |
| McPherson - Receipt (Mid Continent Mkt Cent) | 375 Psi | 200-375 Psi | 1,000-8,000 Mcfd |
| Williamsburg - Receipt (PEPL) | 640-740 Psi | 500-695 Psi | 5,000-50,000 Mcfd |
| Williamsburg - Delivery (PEPL) | 500-585 Psi | 600-850 Psi | 5,000-44,000 Mcfd |
| Paola Supply - Receipt (PEPL) | 600-675 Psi | 350-695 Psi | 2,000-10,000 Mcfd |

Pressures of other pipelines are as observed only at our points of interconnect. Flow rates are as anticipated based on these observations and the normal range of conditions on KPC's pipeline.

KPI1018

FERC 567
ENB-DOJ-024906

Kansas Pipeline Company

Interconnect Points

December 31 , 1998

CFR 260.8 item #11

Kansas Pipeline Company neither owns or operates any storage facilities in conjunction with the operation of the pipeline. Daily volumes available are -0-.

KPI1019

7

ENB-DOJ-024907

Kansas Pipeline Company

Deliveries by Point

Twelve Month Period Ending December 31 , 1998

CFR 250.8 item #12(i)

| Point Number | Point Name | State | Average Daily Volume |
|---|---|---|---|
| 3A213 | Cedar Creek | Ks | 118 |
| 3A209 | PEPL Williamsburg | Ks | 7 |
| 3A212 | Fahey | Ks | 640 |
| 2C203 | Gas Products Supply | Ks | 535 |
| 3A214 | Heritage Park | Ks | 1,833 |
| 3A211 | Holiday Sand | Ks | 41 |
| 2B201 | Hummons | Ks | 0 |
| 3A202 | I-70 | Ks | 6,935 |
| 3A201 | Kansas City Terminal | Ks | 4,568 |
| 3A205 | Lenexa | Ks | 3,358 |
| 3A203 | Mission | Ks | 0 |
| 2E200 | New Strawn | Ks | 27 |
| 2B207 | North Wichita | Ks | 3,914 |
| 3A219 | Osawatomie | Ks | 558 |
| 3A221 | Ottawa East | Ks | 683 |
| 3A220 | Ottawa North | Ks | 325 |
| 3A206 | Ottawa South | Ks | 514 |
| 3A218 | Paola East | Ks | 809 |
| 3A217 | Phillips Bonita | Ks | 0 |
| 1B210 | Phillips Laverne | Ok | 12 |
| 2E201 | Phillips Paola | Ks | 150 |
| 2E215 | Phillips Sharpe | Ks | 107 |
| 4A204 | Riverside | Mo | 17,067 |
| 2B216 | Rock Creek | Ks | 2,226 |
| 2C201 | N. American Salt | Ks | 0 |
| 2B210 | Butler Co  (WNG) | Ks | 0 |

KPI1020

FERC 567

ENB-DOJ-024908

Kansas Pipeline Company

Peak Day Deliveries by Point

Twelve Month Period Ending March 31 , 1999

CFR 260.8 item #12(ii)

| Point Number | Point Name | State | Peak Deliveries 1/4/99 |
|---|---|---|---|
| 3A213 | Cedar Creek | Ks | 569 |
| 3A209 | PEPL Williamsburg | Ks | 0 |
| 3A212 | Fahey | Ks | 1,310 |
| 2C203 | Gas Products Supply | Ks | 771 |
| 3A214 | Heritage Park | Ks | 1,113 |
| 3A211 | Holiday Sand | Ks | 1 |
| 2B201 | Hummons | Ks | 0 |
| 3A202 | I-70 | Ks | 40,364 |
| 3A201 | Kansas City Terminal | Ks | 17,430 |
| 3A205 | Lenexa | Ks | 8,519 |
| 3A203 | Mission | Ks | 0 |
| 2E200 | New Strawn | Ks | 65 |
| 2B207 | North Wichita | Ks | 20,626 |
| 3A219 | Osawatomie | Ks | 2,273 |
| 3A221 | Ottawa East | Ks | 3,391 |
| 3A220 | Ottawa North | Ks | 1,605 |
| 3A206 | Ottawa South | Ks | 1,678 |
| 3A218 | Paola East | Ks | 2,819 |
| 3A217 | Phillips Bonita | Ks | 0 |
| 1B210 | Phillips Laverne | Ok | 38 |
| 2E201 | Phillips Paola | Ks | 275 |
| 2E215 | Phillips Sharpe | Ks | 219 |
| 4A204 | Riverside | Mo | 37,021 |
| 2B216 | Rock Creek | Ks | 2,991 |
| 2C201 | N. American Salt | Ks | 0 |
| 2B210 | Butler Co. (WNG) | Ks | 0 |

KPI1021

FERC 567

ENB-DOJ-024909

Kansas Pipeline Company
Maximum Shipper Day
Twelve Month Period Ending December 31 , 1998
CFR 260.8 item #12(iii)

| Customer | Date | Volume |
|---|---|---|
| Kansas Gas Service | 1/13/98 | 60,804 |
| Missouri Gas Energy | 2/26/98 | 47,489 |
| MarGasCo | 1/13/98 | 10,653 |
| United Cities | 1/12/98 | 4,012 |
| Greeley Gas | 1/12/98 | 497 |

KPI1022

10

FERC 567

ENB-DOJ-024910

## Kansas Pipeline Company

### Receipts by Point
Twelve Month Period Ending December 31 , 1998
CFR 260.8 item #13

| Point Number | Point Name | State | Average Daily Volume |
|---|---|---|---|
| 1G105 | ANR Buffalo | Ok | 2,341 |
| 2B163 | Hallwood | Ks | 197 |
| 2B162 | McMoran | Ks | 97 |
| 2C110 | McPherson | Ks | 334 |
| 3A103 | PEPL Paola | Ks | 118 |
| 2B104 | PEPL Spivey | Ks | 0 |
| 2E102 | PEPL Williamsburg | Ks | 8,149 |
| 1G500 | Transok | Ok | 34,040 |

KPI1023

11

Kansas Pipeline Company

Peak Day Receipts by Point

Twelve Month Period Ending March 31 , 1999

CFR 260.8 item #14

| Point Number | Point Name | State | Peak Receipts 1/4/99 |
|---|---|---|---|
| 1G105 | ANR Buffalo | Ok | 4,990 |
| 2B163 | Hallwood | Ks | 168 |
| 2B162 | McMoran | Ks | 101 |
| 2C110 | McPherson | Ks | 757 |
| 3A103 | PEPL Paola | Ks | 0 |
| 2B104 | PEPL Spivey | Ks | 0 |
| 2E102 | PEPL Williamsburg | Ks | 53,332 |
| 1G500 | Transok | Ok | 87,875 |

KPI1024

FERC 567

ENB-DOJ-024912

CONFIDENTIAL

# THE BISHOP GROUP, LTD. DUE DILIGENCE INQUIRY

"Pipeline System" means the entire system, which comprises the Kansas Pipeline Company.

1. A list of all permits, easements and rights-of-way relating to the Pipeline System. Indicate whether easements include rights to construct and operate telecommunications lines. For easements on public lands list the entity issuing the easement and the location of the issuing office.

2. Schedules listing by asset the following information: asset description, original cost, date of acquisition, depreciation method (book and tax), depreciable life, book, current and accumulated depreciation, tax, regular current and accumulated deferred income tax, alternative minimum tax current and accumulated depreciation, ACE current and accumulated depreciation and current remaining basis.

3. A description of equipment and software used in any operations of the Pipeline System.

4. A description of any OSHA safety citations relating to the Pipeline System.

5. A complete description of the pipeline characteristics of the Pipeline System for each pipe segment including diameter of pipe, wall thickness, MAOP, operating pressure, peak and average day flows, receipt and delivery point capacities, and compressor capability.

6. Describe environmental auditing and assessment practices and procedures.

7. Describe existence and location of earthen impoundments, underground storage tanks, above ground storage tanks, hydrocarbons or other hazardous materials, hazardous substances, or other contamination or pollution related to the Pipeline System. Describe environmental program(s), if any, in detail.

K:\DUE DILIGENCE.doc

KPI1028

ENB-DOJ-024916

AUG. 19. 1999 5:32PM NO. 9145 P. 1




MAILING ADDRESS:
600 Travis Street, 20th Floor
Houston, Texas 77002-8079

| | | | |
|---|---|---|---|
| Date: | 8/19/99 | | |
| Company: | | | |
| Individual(s): | Dennis Langley | # 913-962-6517 | |
| Telecopy #: | Steve Korb | # 913-599-5645 | |
| From: | Vean Gregg | | |
| Telephone: | (713) 216-8848 | Fax: | (713) 216-8882 |
| Number of pages: | 2 w/ cover | | |

CONFIDENTIAL

Message:

⊛ Williams has requested the following additional information relative to submitting their preliminary bid.

KPI1029

Dennis: please let us know which of this information you are comfortable sending to them

Steve: Please coordinate to gather this information pending Dennis' approval

Thank you.

NOTICE

The information contained in this transmission is privileged and confidential. It is intended for the use of the individual of entity named above. If the reader of this message is not the intended recipient, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If you have received this communication in error, please return this transmission to us at the above address by mail and notify us immediately by telephone. THANK YOU.

AUG-19-1989  16:35     THE WILLIAMS COS.          713 215 3875  P.22/22

CONFIDENTIAL

# THE BISHOP GROUP, LTD. DUE DILIGENCE INQUIRY

"Pipeline System" means the entire system, which comprises the Kansas Pipeline Company.

1. A list of all permits, easements and rights-of-way relating to the Pipeline System. Indicate whether easements include rights to construct and operate telecommunications lines. For easements on public lands list the entity issuing the easement and the location of the issuing office. *·* *98* *Krigmmt Simmury*

2. Schedules listing by asset the following information: asset description, original cost, date of acquisition, depreciation method (book and tax), depreciable life, book, current and accumulated depreciation, tax, regular current and accumulated deferred income tax, alternative minimum tax current and accumulated depreciation, ACE current and accumulated depreciation and current remaining basis.

*SCADA w/ WONDERWARE    BRISTAR RABCOCHS*

3. A description of equipment and software used in any operations of the Pipeline System.  *ACCESS  EXCEL →*

4. A description of any OSHA safety citations relating to the Pipeline System.  *NO MATERIAL IF ANY CITATN SINCE '92*

5. A complete description of the pipeline characteristics of the Pipeline System for each pipe segment including diameter of pipe, wall thickness, MAOP, operating pressure, peak and average day flows, receipt and delivery point capacities, and compressor capability.  *( Already SENT BY FAX )*
   *RESPONDING : 567*

6. Describe environmental auditing and assessment practices and procedures.  *DON'T HAVE*    *COMPLIANCE w/ AU DOT Rules & Regs*
   *HAZARDS & OPERATIONS*

7. Describe existence and location of earthen impoundments, underground storage tanks, above ground storage tanks, hydrocarbons or other hazardous materials, hazardous substances, or other contamination or pollution related to the Pipeline System. Describe environmental program(s), if any, in detail.
   *· No contamination no Pollution As: Pipeline System*
   *· Minimal haz. waste Created*

*② complete audits with acquisition Pits*
*"virtually free" - one small ; area where chain had*
*to be moved*

*③ PROCEDURES - CONSOR'S*

K:\DUE DILIGENCE.doc

KPI1030

ENB-DOJ-024918



**CHASE**

MAILING ADDRESS:
600 Travis Street, 20th Floor
Houston, Texas 77002-8079

| Date: | 8/20/99 |
|---|---|
| Company: | Williams |
| Individual(s): | Jim MOORE / Tom COMPSON |
| Telecopy #: | 713 - 215 - 3075 |
| From: | Vean Gregg |
| Telephone: (713) 216-8848    Fax:    (713) 216-8882 |
| Number of pages: | 26 + COVER |

CONFIDENTIAL

Message:

PER OUR PHONE CONVERSATION, PLEASE
SEE THE ATTACHED. I LOOK FORWARD
TO HEARING FROM YOU EARLY
NEXT WEEK.

Thank you

KPI1031

NOTICE

The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above.
If the reader of this message is not the intended recipient, the reader is hereby notified that any consideration, dissemination or duplication of this
communication is strictly prohibited. If you have received this communication in error, please return this transmission to us at the above address
by mail and notify us immediately by telephone. THANK YOU.

ENB-DOJ-024919

Kansas Pipeline Company

Annual Report FERC Format No. 567

Twelve Month Period Ending December 31, 1998

CFR 260.8

| Contents | Item No. | Page(s) |
|---|---|---|
| System Map | 2 | 1 |
| Flow Diagrams | 1,2,3,4 | 2,3,4 |
| Compressor Data | 5,6,7,8,9 | 5 |
| Interconnect Data | 10 | 6 |
| Storage Information | 11 | 7 |
| Deliveries by Point | 12(i) | 8 |
| Peak Day Deliveries | 12(ii) | 9 |
| Shipper Data | 12(iii) | 10 |
| Receipts by Point | 13 | 11 |
| Peak Day Receipts | 14 | 12 |

CONFIDENTIAL

KPI1032

ENB-DOJ-024920



KP1033

CONFIDENTIAL



ENB-DOJ-024922



ENB-DOJ-024923



KPI1036

KANSAS PIPELINE COMPANY
LENEXA, KANSAS

TITLE: SYSTEM FLOW DIAGRAM
ITEMS 1,2,3,4 & 5
PAGE 3 OF 3

DRAWN BY: J. Bullemore  DATE: 4-15-99  SHEET: 3 OF 3
CHECKED BY:  APPROVED BY:  DWG NO: P10/20

LEGEND
FLOW
EXISTING PIPELINE
GENERAL STATION
COMPRESSOR STATION

AMERICAN SALT
M.P. 103.19 LYONS
MCPHERSON M.P. 77.90
GAS PRODUCTS SUPPLY M.P. 65.14
BI-DIRECTIONAL FLOW
BOTH 6" LINES
M.P. 52.13
INACTIVE THIS LINE ONLY
M.P. 15.86
M.P. 6.75 INTERCHANGE
SEE P80
SEE P80
M.P. 0.00 IHRALL
SEE KPP 5/10
SEE KPP 8/10

CONFIDENTIAL

ENB-DOJ-024924

## Kansas Pipeline Company
### Compressor Data
Modeled Data
CFR 260.8 items 4,5,6,7,8 & 9

STATION:

### Pawnee Ok

| | |
|---|---|
| MAOP: | 1200 Psig |
| Available Horsepower: | 5,912 HP |
| Suction Pressure: | 425 Psig |
| Discharge Pressure: | 1200 Psig |
| Volume Compressed: | 91,143 Mcf/d |
| Fuel: | 1,064 Mcf/d |

### Beaumont Ks

| | |
|---|---|
| MAOP: | 1,078 Psig |
| Available Horsepower: | 3,645 HP |
| Suction Pressure: | 602 Psig |
| Discharge Pressure: | 1,078 Psig |
| Volume Compressed: | 89,254 Mcf/d |
| Fuel: | 825 Mcf/d |

### Ottawa Ks

| | |
|---|---|
| MAOP: | 1,098 Psig |
| Available Horsepower: | 5,123 HP |
| Suction Pressure: | 421 Psig |
| Discharge Pressure: | 985 Psig |
| Volume Compressed: | 110,130 Mcf/d |
| Fuel: | 1,064 Mcf/d |

**KPI1037**



CONFIDENTIAL

Kansas Pipeline Company
Interconnect Points
December 31 , 1998
CFR 260.8 item #10

| Point Name | Pressure of other line | KPC Pressure | Expected Flowrate |
|---|---|---|---|
| PEPL Spivey - Receipt (PEPL) | 550-650 Psi | 250-450 Psi | 2,000-14,000 Mcfd |
| Butler County - Delivery (WNG) | unknown | 350-700 Psi | unknown |
| Buffalo - Receipt (ANR Coastal) | 600-800 Psi | 300-500 Psi | 2,000-12,000 Mcfd |
| McPherson - Receipt (Mid Continent Mkt Cent) | 375 Psi | 200-375 Psi | 1,000-8,000 Mcfd |
| Williamsburg - Receipt (PEPL) | 640-740 Psi | 500-695 Psi | 5,000-50,000 Mcfd |
| Williamsburg - Delivery (PEPL) | 500-585 Psi | 600-650 Psi | 5,000-44,000 Mcfd |
| Paola Supply - Receipt (PEPL) | 600-675 Psi | 350-695 Psi | 2,000-10,000 Mcfd |

Pressures of other pipelines are as observed only at our points of interconnect. Flow rates are as
anticipated based on these observations and the normal range of conditions on KPC's pipeline.

KPI1038

ENB-DOJ-024926

# Kansas Pipeline Company

Interconnect Points
December 31 , 1998
CFR 260.8 item #11

Kansas Pipeline Company neither owns or operates any storage facilities in conjunction with the operation of the pipeline. Daily volumes available are -0-.

KPI1039

ENB-DOJ-024927

Kansas Pipeline Company
Deliveries by Point
Twelve Month Period Ending December 31 , 1998
CFR 260.8 item #12(i)

| Point Number | Point Name | State | Average Daily Volume |
|---|---|---|---|
| 3A213 | Cedar Creek | Ks | 118 |
| 3A209 | PEPL Williamsburg | Ks | 7 |
| 3A212 | Fahey | Ks | 640 |
| 2C203 | Gas Products Supply | Ks | 535 |
| 3A214 | Heritage Park | Ks | 1,833 |
| 3A211 | Holiday Sand | Ks | 41 |
| 2B201 | Hummons | Ks | 0 |
| 3A202 | I-70 | Ks | 6,935 |
| 3A201 | Kansas City Terminal | Ks | 4,568 |
| 3A205 | Lenexa | Ks | 3,358 |
| 3A203 | Mission | Ks | 0 |
| 2E200 | New Strawn | Ks | 27 |
| 2B207 | North Wichita | Ks | 3,914 |
| 3A219 | Osawatomie | Ks | 558 |
| 3A221 | Ottawa East | Ks | 683 |
| 3A220 | Ottawa North | Ks | 325 |
| 3A206 | Ottawa South | Ks | 514 |
| 3A218 | Paola East | Ks | 809 |
| 3A217 | Phillips Bonita | Ks | 0 |
| 1B210 | Phillips Laverne | Ok | 12 |
| 2E201 | Phillips Paola | Ks | 150 |
| 2E215 | Phillips Sharpe | Ks | 107 |
| 4A204 | Riverside | Mo | 17,067 |
| 2B216 | Rock Creek | Ks | 2,226 |
| 2C201 | N. American Salt | Ks | 0 |
| 2B210 | Butler Co. (WNG) | Ks | 0 |

**KPI1040**

ENB-DOJ-024928

Kansas Pipeline Company

Peak Day Deliveries by Point

Twelve Month Period Ending March 31 , 1999

CFR 260.8 item #12(ii)

| Point Number | Point Name | State | Peak Deliveries 1/4/99 |
|---|---|---|---|
| 3A213 | Cedar Creek | Ks | 569 |
| 3A209 | PEPL Williamsburg | Ks | 0 |
| 3A212 | Faney | Ks | 1,310 |
| 2C203 | Gas Products Supply | Ks | 771 |
| 3A214 | Heritage Park | Ks | 1,113 |
| 3A211 | Holiday Sand | Ks | 1 |
| 2B201 | Hummons | Ks | 0 |
| 3A202 | I-70 | Ks | 40,364 |
| 3A201 | Kansas City Terminal | Ks | 17,430 |
| 3A205 | Lenexa | Ks | 8,519 |
| 3A203 | Mission | Ks | 0 |
| 2E200 | New Strawn | Ks | 65 |
| 2B207 | North Wichita | Ks | 20,626 |
| 3A219 | Osawatomie | Ks | 2,273 |
| 3A221 | Ottawa East | Ks | 3,391 |
| 3A220 | Ottawa North | Ks | 1,605 |
| 3A206 | Ottawa South | Ks | 1,678 |
| 3A218 | Paola East | Ks | 2,819 |
| 3A217 | Phillips Bonita | Ks | 0 |
| 1B210 | Phillips Laverne | Ok | 38 |
| 2E201 | Phillips Paola | Ks | 275 |
| 2E215 | Phillips Sharpe | Ks | 219 |
| 4A204 | Riverside | Mo | 37,021 |
| 2B216 | Rock Creek | Ks | 2,991 |
| 2C201 | N. American Salt | Ks | 0 |
| 2B210 | Butler Co. (WNG) | Ks | 0 |

**KPI1041**

Kansas Pipeline Company

Maximum Shipper Day

Twelve Month Period Ending December 31 , 1998

CFR 260.8 item #12(iii)

| Customer | Date | Volume |
|----------|------|--------|
| Kansas Gas Service | 1/13/98 | 60,804 |
| Missouri Gas Energy | 2/26/98 | 47,489 |
| MarGasCo | 1/13/98 | 10,653 |
| United Cities | 1/12/98 | 4,012 |
| Greeley Gas | 1/12/98 | 497 |

KPI1042

ENB-DOJ-024930

Kansas Pipeline Company

Receipts by Point

Twelve Month Period Ending December 31 , 1998

CFR 260.8 item #13

| Point Number | Point Name | State | Average Daily Volume |
|---|---|---|---|
| 1G105 | ANR Buffalo | Ok | 2,341 |
| 2B163 | Hallwood | Ks | 197 |
| 2B162 | McMoran | Ks | 97 |
| 2C110 | McPherson | Ks | 334 |
| 3A103 | PEPL Paola | Ks | 118 |
| 2B104 | PEPL Spivey | Ks | 0 |
| 2E102 | PEPL Williamsburg | Ks | 8,149 |
| 1G500 | Transok | Ok | 34,040 |

KPI1043

ENB-DOJ-024931

Kansas Pipeline Company

Peak Day Receipts by Point

Twelve Month Period Ending March 31 , 1999

CFR 260.6 item #14

| Point Number | Point Name | State | Peak Receipts 1/4/99 |
|---|---|---|---|
| 1G105 | ANR Buffalo | Ok | 4,990 |
| 2B163 | Hallwood | Ks | 168 |
| 2B162 | McMoran | Ks | 101 |
| 2C110 | McPherson | Ks | 757 |
| 3A103 | PEPL Paola | Ks | 0 |
| 2B104 | PEPL Spivey | Ks | 0 |
| 2E102 | PEPL Williamsburg | Ks | 53,332 |
| 1G500 | Transok | Ok | 87,875 |

KPI1044

ENB-DOJ-024932

CONFIDENTIAL

KPI 1045

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 80 M.P. 160 to Paola | Partial Assignment of Rights of Way | KNH to KNP | 6/28/90 | KS | Anderson | 33 MCL | 152 |
| P 80 M.P. 160 to Paola | Assignment of Rights of Way and Easements | RPP to KPC | 6/29/98 | KS | Anderson | 51 MCL | 90 |
| P 80 M.P. 160 to Paola | Bill of Sale | KNH to KNP | 6/28/90 | KS | Anderson | 33 MCL | 154 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Anderson | 51 MCL | 208 |
| P 80 M.P. 160 to Paola | Bill of Sale | KNH to KNP | 6/28/90 | KS | Butler | 50 | 533 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Butler | 63 | 575 |
| P 80 M.P. 160 to Paola | Partial Assignment of Rights of Way | KNH to KNP | 6/28/90 | KS | Butler | 50 | 505 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Butler | 63 | 259 |
| P 80 Line Medicine Lodge Station | Assignment of Right of Way Easement | KNH to KNP | 6/28/90 | KS | Butler | 50 | 539 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Butler | 63 | 211 |
| P 80 Line Hardner Station | Assignment of Right of Way Easement | KNH to KNP | 6/28/90 | KS | Butler | 50 | 549 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Butler | 63 | 221 |
| Hennison Meter Site Lease | Assignment of Lease | KNH to KNP | 6/28/90 | KS | Butler | 50 | 570 |
| | Assignment of Surface Lease | RPP to KPC | 6/26/98 | KS | Butler | 63 | 22 |
| Hennison Compressor Site Lease | Assignment of Lease | KNH to KNP | 6/28/90 | KS | Butler | 50 | 587 |
| | Assignment of Surface Lease | RPP to KPC | 6/26/98 | KS | Butler | 63 | 21 |
| Stecexe Meter Site Lease | Assignment of Lease | KNH to KNP | 6/28/90 | KS | Butler | 50 | 569 |
| | TERMINATED | | | | | | |
| Jones Hawkins Lateral Compressor | Assignment of Surface Lease | KNH to KNP | 6/28/90 | KS | Butler | 50 | 559 |
| Jones Hawkins Lateral Compressor | TERMINATED | | | | | | |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Butler | 50 | 595 |
| | Conveyance of Pipeline Property | KPP to LPT | 6/29/98 | KS | Butler | 63 | 2 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Butler | 50 | 601 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Butler | 63 | 203 |
| Gathering System Harrison | Assignment of Lease | BPC to KNP | 12/12/91 | KS | Butler | 52 | 501 |
| Gathering System Harrison | Agreement | KNP Sold.D | 2/27/92 | | | | |
| Medcine Lodge Office Lease | Lease | RPP | | | NOT RECORDED | | |
| Medicine Lodge Office Lease | Assignment of Lease | KPC to LGC | 6/26/98 | KS | Butler | 63 | 207 |
| P 80 M.P. 160 to Paola | Partial Assignment of Rights of Way | KNH to KNP | 6/28/90 | KS | Butler | 564 | 1 |
| P 80 M.P. 160 to Paola | Assignment of Rights of Way and Easements | RPP to KPC | 6/29/98 | KS | Butler | 565 | 76 |
| P 80 M.P. 160 to Paola | Bill of Sale | KNH to KNP | 6/28/90 | KS | Butler | 564 | 25 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Butler | 565 | 72 |
| P 80 Line Ramey Station | Assignment of Right of Way Easement | KNH to KNP | 6/28/90 | KS | Butler | 563 | 541 |

1 of 13

ENB-DOJ-024933

KPI1046

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P. 60 Line Caney/Jay Station | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Butler | 855 | 1 |
| | Assignment of Right of Way Easement | KNI to KNP | 6/28/98 | KS | Butler | 563 | 551 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Butler | 855 | 1 |
| P. 10, 20 | Bill of Sale | KNI to KNP | 6/28/98 | KS | Butler | 563 | 522 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Butler | 855 | 1 |
| P. 10, 20 | Assignment of Right of Way Easement | KNI to KNP | 6/28/98 | KS | Butler | 563 | 528 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Butler | 855 | 1 |
| Line 700 | Partial Assignment of Rights of Way | KP/CLP to KN Interstate | | MO | Cass | 1547 | 16 |
| | Assignment of Rights of Way and Easements | RPCLP, KPP TO KPC | 6/30/98 | MO | Cass | 1661 | 13 |
| P. 10, 20 | Bill of Sale | KNI to KNP | 6/28/98 | KS | Chase | M.9 Misc | 49 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Chase | M.11 | 33° |
| P. 10, 20 | Assignment of Right of Way Easement | KNI to KNP | 6/28/98 | KS | Chase | L.931 and 1.118 | 289 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Chase | 1.118 | 1111 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/98 | KS | Chase | L.931 and 1.118 | 302 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Chase | 1.118 | 530 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/98 | KS | Chase | L.931 and 1.118 | 308 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Chase | 1.118 | 531 |
| P. 80 M.P. 160 to Pool | Partial Assignment of Rights of Way | KNI to KNP | 6/28/98 | KS | Comanche | 74 | 683 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Comanche | 85 | 315 |
| P. 80 M.P. 160 to Pools | Bill of Sale | KNI to KNP | 6/28/98 | KS | Comanche | M.19 | 305 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Comanche | M.21 | 589 |
| P. 80 M.P. 159 OK to M.P. 160 KS (Riverside) | Partial Assignment of Right of Way | KNI to RPCLP | 6/28/98 | KS | Comanche | 74 | 701 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Comanche | 85 | 419 |
| P. 80 M.P. 159 OK to M.P. 160 KS (Riverside) | Bill of Sale | BPC to OKM | 6/28/98 | KS | Comanche | M.19 | 301 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Comanche | M.21 | 585 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/98 | KS | Comanche | 74 | 717 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Comanche | 85 | 652 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/98 | KS | Comanche | 74 | 711 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Comanche | 85 | 563 |
| P. 80 M.P. 160 to Pools | Partial Assignment of Rights of Way | KNI to KNP | 6/28/98 | KS | Coffey | J.1 Misc | 150 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/25/98 | KS | Coffey | S.8 Misc | 206 |

2 of 13

ENB-DOJ-024934

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 80 M.P. 160 to Peru | Bill of Sale | KNI to KMP | 6/28/90 | KS | Coffey | JJ Misc | 144 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Coffey | SS Misc | 292 |
| P 50,60,70 | Bill of Sale | KNI to KMP | 6/28/90 | KS | Coffey | JJ Misc | 174 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Coffey | SS Misc | 294 |
| P 50,60,70 | Assignment and Partial Assignment of Right of Way | KNI to KMP | 6/28/90 | KS | Coffey | JJ Misc | 180 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/25/98 | KS | Coffey | SS Misc | 329 |
| P 50,60,70 Sharpe Station | Special Warranty Deed | KNI to KMP | 6/28/90 | KS | Coffey | 147 | 95 |
| | Quit Claim Deed | RPP to KPC | 6/25/98 | KS | Coffey | 196 | 511 |
| P 50,60,70 Sharpe Station | Assignment of Right of Way Easement | KNI to KMP | 6/28/90 | KS | Coffey | JJ Misc | 206 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/25/98 | KS | Coffey | SS Misc | 332 |
| P 50,60,70 Waverly Pump Station | Assignment of Lease | KNI to KMP | 6/28/90 | KS | Coffey | JJ Misc | 215 |
| | Assignment of Surface Lease | RPP to KPC | 6/25/98 | KS | Coffey | SS Misc | 362 |
| Pipeline | Bill of Sale | KPC to KPP | 6/28/90 | KS | Coffey | JJ Misc | 233 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Coffey | SS Misc | 367 |
| Matic Gas Supply Station | Partial Assignment of Lease | KPC to KPP | 6/28/90 | KS | Coffey | JJ Misc | 223 |
| | Assignment of Surface Lease | RPP to KPC | 6/25/98 | KS | Coffey | SS Misc | 357 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Coffey | JJ Misc | 241 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Coffey | SS Misc | 371 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/90 | KS | Coffey | JJ Misc | 247 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/25/98 | KS | Coffey | SS Misc | 376 |
| P 40 M.P. 123.12+40 to M.P. 124.12+53 (Riverside) | Partial Assignment of Rights of Way | KNI to RPCLP | 6/28/90 | KS | Cowley | 433 | 619 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/30/98 | KS | Cowley | 553 | 116 |
| P 40 M.P. 123.12+40 to M.P. 124.12+53 (Riverside) | Bill of Sale | KNI to RPCLP | 6/28/90 | KS | Cowley | 433 | 653 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/30/98 | KS | Cowley | 553 | 58 |
| P 40 M.P. 124.12+53 to Thrall, P 30 Hooter to Thrall | Bill of Sale | KNI to KMP | 6/28/90 | KS | Cowley | 433 | 647 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/30/98 | KS | Cowley | 553 | 1 |
| P 40 M.P. 124.12+53 to Thrall, P 30 Hooter to Thrall | Assignment and Partial Assignment of Right of Way | KNI to KMP | 6/28/90 | KS | Cowley | 433 | 627 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/30/98 | KS | Cowley | 553 | 100 |
| P 30,40 Lot Grand Summit Station Station | Special Warranty Deed | KNI to KMP | 6/28/90 | KS | Cowley | 433 | 657 |
| | Quit Claim Deed | RPP to KPC | 7/2/98 | KS | Cowley | 553 | 291 |
| P 30,40 Hooter Station | Assignment of Right of Way Easement | KNI to KMP | 6/28/90 | KS | Cowley | 433 | 665 |

KPI1047

ENB-DOJ-024935

## 1998 Assignment Summary

KPI1048

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 110 M.P. 123 12+40 to M.P. 124 12+53 | Assignment of Rights of Way and Easements | KPP to RPC | 6/30/98 | KS | Cowley | 451 | 128 |
| | Assignment of Rights of Way | KNI to RPCLP | 10/24/91 | KS | Cowley | 451 | 689 |
| P 110 M.P. 124 12+53 to Hooser Station | Assignment of Rights of Way and Easements | KPP to RPC | 6/30/98 | KS | Cowley | 451 | 32 |
| | Assignment of Rights of Way | KNI to KPP | 10/24/91 | KS | Cowley | 451 | 694 |
| Magnate Meter Site Lease | Assignment of Lease | KPP to RPC | 6/30/98 | KS | Cowley | 433 | 93 |
| | Assignment of Surface Lease | KNI to KNP | 6/28/90 | KS | Cowley | 433 | 675 |
| | | KPP to RPC | 6/30/98 | KS | Cowley | 451 | 88 |
| P 40 M.P. 124 12+53 to Thrall, P 30 Hooser to Thrall | Assignment and Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Elk | 99A Mtg | 132 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/26/98 | KS | Elk | 55 Misc | 196 |
| P 40 M.P. 124 12+53 to Thrall, P 30 Hooser to Thrall | Bill of Sale | KNI to KNP | 6/28/90 | KS | Elk | 99A Mtg | 149 |
| | Conveyance of Pipeline Property | KPP to RPC | 6/29/98 | KS | Elk | 55 Misc | 322 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Elk | 99A Mtg | 155 |
| | Conveyance of Pipeline Property | KPP to RPC | 6/29/98 | KS | Elk | 55 Misc | 51 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Elk | 99A Mtg | 161 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/26/98 | KS | Elk | 55 Misc | 181 |
| 8" Pipeline M.P. 249 to M.P. 319 5/8" Pipeline M.P. 320.7 to M.P. 323.9, 12" Pipeline M.P. 249 to Leloop, 10" Pipeline Leloop to | Assignment of Rights of Way | KPCLP to KPP | 6/28/90 | KS | Franklin | 136 Misc | 736 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 85 |
| Pipeline | Bill of Sale | KPCLP to KPP | 6/28/90 | KS | Franklin | 136 Misc | 728 |
| | Conveyance of Pipeline Property | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 57 |
| P 80 M.P. 160 to Prola | Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Franklin | 136 Misc | 675 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 39 |
| P 80 M.P. 160 to Prola | Bill of Sale | KNI to KNP | 6/28/90 | KS | Franklin | 136 Misc | 696 |
| | Conveyance of Pipeline Property | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 11 |
| P 90 Line Richmond Station | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Franklin | 136 Misc | 702 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 202 |
| PennTech Meter Site | Assignment of Right of Way Easement | KPC to KPP | 6/28/90 | KS | Franklin | 136 Misc | 720 |
| | Assignment of Rights of Way and Easements | KPP to RPC | 6/29/98 | KS | Franklin | 181 Misc | 101 |
| Ottawa Station #1 | Special Warranty Deed | KPC to KPP | 6/28/90 | KS | Franklin | 237 Deed | 527 |
| | Quit Claim Deed | KPC to KPP | 6/29/98 | KS | Franklin | 253 Deed | 361 |
| Ottawa Station #2 | Special Warranty Deed | KPC to KPP | 6/28/90 | KS | Franklin | 237 Deed | 535 |
| | Quit Claim Deed | KPC to KPP | 6/29/98 | KS | Franklin | 253 Deed | 302 |
| Ottawa Station #2 | Assignment of Agreement of Ingress and Egress | KPC to KPP | 6/28/90 | KS | Franklin | 136 Misc | 712 |

ENB-DOJ-024936

## 1998 Assignment Summary

CONFIDENTIAL

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| Ottawa Compressor Station | Assignment of Agreement of Ingress and Egress | KPC to KPP | 6/29/98 | KS | Franklin | 181 Misc | 36 |
| | Assignment of Agreement of Ingress and Egress | KPC to KPP | 10/23/91 | KS | Franklin | 142 Misc | 441 |
| | Assignment of Agreement of Ingress and Egress | KPC to KPP | 6/29/98 | KS | Franklin | 181 Misc | 36-2 |
| Ottawa Compressor Station | Assignment of Amendment of Right of Way Agreement | KPC to KPP | 10/23/91 | KS | Franklin | 142 Misc | 437 |
| | Assignment of Rights of Way and Easements | | | KS | Franklin | | |
| Ottawa Sales Station | Right of Way Contract | | 9/25/91 | KS | Franklin | 142 Misc | 192 |
| | Assignment of Rights of Way and Easements | | 6/29/98 | KS | Franklin | 181 Misc | 5? |
| Ottawa North Meter Site | Assignment of Rights of Way and Easements | | 6/29/98 | KS | Franklin | 181 Misc | 259 |
| Ottawa East Meter Site | Assignment of Rights of Way and Easements | | 6/29/98 | KS | Franklin | 181 Misc | 351 |
| ROW | Assignment of Rights of Way and Easements | | 6/29/98 | KS | Franklin | 181 Misc | 351 |
| Ottawa Lateral | Conveyance of Pipeline Property | | 6/29/98 | KS | Franklin | 181 Misc | 229 |
| Ottawa Shops Lease | Assignment of Surface Lease | | 6/29/98 | KS | Franklin | 181 Misc | 346 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Franklin | 136 Misc | 258 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Franklin | 181 Misc | 11? |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/90 | KS | Franklin | 136 Misc | 764 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Franklin | 181 Misc | 105 |
| 8"-10", 12" Lines | Assignment of Right of Way | KPC to KPP | 7/23/92 | KS | Franklin | 147 Misc | 147 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Franklin | 181 Misc | 110 |
| P-80 M.P. 160 to Paola | Bill of Sale | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 289 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Greenwood | 84 Misc | 61 |
| P-80 M.P. 160 to Paola | Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 295 |
| | Assignment of Rights of Way | KPP to KPC | 6/26/98 | KS | Greenwood | 80 Misc | 481 |
| P-10, 20 | Assignment of Right of Way | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 325 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/26/98 | KS | Greenwood | 84 Misc | 21 |
| P-10, 20 | Bill of Sale | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 319 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Greenwood | 84 Misc | 53 |
| P-30, 40 Beaumont Station | Special Warranty Deed | KNI to KNP | 6/28/90 | KS | Greenwood | 187 Deeds | 519 |
| | Quitclaim Deed | KPP to KPC | 6/26/98 | KS | Greenwood | 204 Deeds | 111 |
| NE/4 NE/4 RW/4 NE/4 21 27S 9E | Warranty Deed | to KNI | 5/10/90 | KS | Greenwood | 187 Deeds | 127 |
| P-40 M.P. 124 12+53 to Thrall, P-30 Booster to Thrall | Bill of Sale | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 339 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Greenwood | 84 Misc | 49 |

5 of 13

KPI1049

ENB-DOJ-024937

## 1998 Assignment Summary

CONFIDENTIAL

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 40 M.P. 124 (2-53) to Thrall, P 30 Hooser to Thrall | Assignment and Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 345 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 11 |
| P 50,60,70 Lamont Station | Special Warranty Deed | KNI to KNP | 6/28/90 | KS | Greenwood | 187 Deeds | 511 |
| | Quitclaim Deed | RPP to KPC | 6/26/98 | KS | Greenwood | 301 Deeds | 335 |
| P 50,60,70 | Assignment and Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 363 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 1 |
| P 50,60,70 | Bill of Sale | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 379 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Greenwood | 81 Misc | 5 |
| Chase Lateral Compressor Site Lease | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 397 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 605 |
| P 80 Line Madison Station | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 385 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 61 |
| Thrall Station | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Greenwood | 66 Assign | 515 |
| | Assignment of Surface Lease | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 611 |
| Gathering Systems | Bill of Sale | KNI to KNP | 6/28/90 | KS | Greenwood | 67 Misc | 407 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Greenwood | 81 Misc | 15 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/90 | KS | Greenwood | 67 Misc | 413 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/26/98 | KS | Greenwood | 81 Misc | 11 |
| P 80 M.P. 160 to Peola | Bill of Sale | KNI to KNP | 6/28/90 | KS | Harper | 35M | 374 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1253 |
| P 80 M.P. 160 to Peola | Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Harper | 84 | 562 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1252 |
| P 80 Line Attica Station | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Harper | 84 | 568 |
| | Assignment of Rights of Way and Easements | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1251 |
| Panhandle Tie In | Assignment of Lease | KNI to KNP | 10/24/91 | KS | Harper | 84 | 1195 |
| | Assignment of Surface Lease | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1233 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Harper | 84 | 569 |
| | Conveyance of Pipeline Property | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1251 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/90 | KS | Harper | 84 | 570 |
| | Assignment of Rights of Way | RPP to KPC | 6/30/98 | KS | Harper | 8c | 1250 |
| Runnymede Lateral | Assignment | SOLD | 5/8/92 | KS | Harper | No recording | |
| | SOLD | | | | | | |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Harvey | 325 Misc | 959 |

KPI1050

ENB-DOJ-024938

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information Date | State | County | Book | Page |
|---|---|---|---|---|---|---|---|
| Gathering Systems | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Harvey | 358 Misc | 256 |
|  | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Harvey | 335 Misc | 965 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 6/29/98 | KS | Harvey | 358 Misc | 215 |
| 8" Pipeline M.P. 240 to M.P. 310.5, 8" Pipeline M.P. 320.7 to M.P 323.9, 12" Pipeline M.P. 2.0 to L-Loop, 10" Pipeline L-Loop to M.P. 310.5, Gathering Lines in Johnson Co., KS | Assignment of Rights of Way | KTCLP to KTP | 6/23/90 KS |  | Johnson | 3193 | 598 |
| 8", 10", 12" Lines | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 KS |  | Johnson | 5766 | 301 |
|  | Assignment of Rights of Way | KPC to KPP | 7/21/92 | KS | Johnson | 3660 | 376 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 23 |
| 6" M.P. S0 21.96 to Paola | Partial Assignment of Rights of Way | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 619 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 23 |
| Pipeline | Bill of Sale | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 590 |
|  | Conveyance of Pipeline Property | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 128 |
| Phillips Booster Station | Assignment of Right of Way Easement | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 535 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 22 |
| Olathe Station | Special Warranty Deed | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 544 |
|  | QuitClaim Deed | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 173 |
| Gardner Field/Shop | Assignment of Lease | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 527 |
| Mission Station | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 173 |
|  | Assignment of Partial Right of Way Easement | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 570 |
| Olathe Station Roadway Pavement | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 KS |  | Johnson | 5766 | 358 |
|  | Assignment of Right of Way Easement | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 552 |
| Edgerton Station | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 251 |
|  | Special Warranty Deed | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 581 |
| Edgerton Station | QuitClaim Deed | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 16 |
|  | Assignment of Right of Way Easement | KPC to KPP | 6/27/90 | KS | Johnson | 3193 | 561 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 7/14/98 | KS | Johnson | 5766 | 252 |
| P. 80 M.P. 160 to Tools | Bill of Sale | KM to KNP | 6/28/90 | KS | Lyon | 453 | 689 |
|  | Conveyance of Pipeline Property | RPP to KPC | 6/30/98 | KS | Lyon | 517 | 183 |
| P. 80 M.P. 160 to Paola | Partial Assignment of Rights of Way | KM to KNP | 6/28/90 | KS | Lyon | 453 | 671 |
|  | Assignment of Rights of Way and Easements | RPP to KPC | 6/28/98 | KS | Lyon | 517 | 111 |
| P. 10, 20 | Bill of Sale | KM to KNP | 6/28/90 | KS | Marion | M170 | 625 |
|  | Conveyance of Pipeline Property | RPP to KPC | 6/29/98 | KS | Marion | M106 | 81 |

KPH051

ENB-DOJ-024939

## 1998 Assignment Summary

CONFIDENTIAL

| Description of Property | Document | Transaction | Date | State | County | Book | Page |
|---|---|---|---|---|---|---|---|
| P 10, 20 | Assignment of Rights of Way Easement | KNI to KNP | 6/28/90 | KS | Marion | M179 | 628 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/26/98 | KS | Marion | M185 | 960 |
| P 10,20 Geraci Pump Station | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Marion | M179 | 630 |
| | Assignment of Surface Lease | KPP to KPC | 6/26/98 | KS | Marion | M185 | 887 |
| P 80 M P 160 to Paola | Bill of Sale | KNI to KNP | 6/28/90 | KS | Kingman | 194 Misc | 2 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Kingman | 0 ? | 309 |
| P 80 M P. 160 to Paola | Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Kingman | 194 Misc | 1 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Kingman | 0 ? | 371 |
| Rego Lateral Compressor Site Lease | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Kingman | 50 Assign | 132 |
| | Assignment of Surface Lease | KPP to KPC | 6/29/98 | KS | Kingman | 0 ? | 270 |
| P 80 Line Rego Terminal | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Kingman | 194 Misc | 3 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Kingman | 0 2 | 272 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Kingman | 194 Misc | 4 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Kingman | 194 Misc | 5 |
| Runnymede Lateral | Assignment | SOLD | 5/8/92 | KS | Kingman | | |
| Rego Lateral | Assignment | SOLD | 5/8/92 | KS | Kingman | | |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Kiowa | Y-1 | 37 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Kiowa | 30 | 227 |
| Greenburg System Meter Site Lease | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Kiowa | 30 | 225 |
| Greenburg Compressor | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Kiowa | 30 | 226 |
| Greenburg Lateral | Assignment | SOLD | 5/8/92 | KS | Kiowa | | |
| P 10, 20 | Bill of Sale | KNI to KNP | 6/28/90 | KS | McPherson | M280 | 156 |
| | Conveyance of Pipeline Property | KPP to KPC | 7/30/98 | KS | McPherson | M 307 | 808 |
| P 10, 20 | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | McPherson | M280 | 162 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/26/98 | KS | McPherson | M 307 | 776 |
| P 10,20 Goering Booster Station | Bill of Sale | KNI to KNP | 6/28/90 | KS | McPherson | M280 | 182 |
| | Conveyance of Easement | KPP to KPC | 6/26/98 | KS | McPherson | M 307 | 790 |
| KPI Tap | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | McPherson | M280 | 190 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/26/98 | KS | McPherson | M 307 | 798 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | McPherson | M280 | 200 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/26/98 | KS | McPherson | M 307 | 763 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | McPherson | M280 | 206 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/26/98 | KS | McPherson | M 307 | 768 |
| P 80 M P. 160 to Paola | Bill of Sale | KNI to KNP | 6/28/90 | KS | Miami | 344 Misc | 481 |

8 of 13

KPI1052

ENB-DOJ-024940

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 80 M.P. 160 to Paola | Conveyance of Pipeline Property | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 462 |
| | Partial Assignment of Rights of Way | KNI to KNP | 6/28/90 | KS | Miami | 344 Misc | 461 |
| 8" Pipeline M.P. 240 to M.P. 319.5, 8" Pipeline M.P. 330.7 to M.P. 323.9, 12" Pipeline M.P. 249 to LeLoup, 10" Pipeline LeLoup in M.P. 319.5, Gathering Lines in Johnson Co., KS | Assignment of Rights of Way and Easements | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 394 |
| | Assignment of Rights of Way | KPCLP to KPP | 6/27/90 | KS | Miami | 344 Misc | 514 |
| 6" M.P. 50 214 86 to Paola | Assignment of Rights of Way and Easements | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 181 |
| | Partial Assignment of Rights of Way | KPC to KPP | 6/28/90 | KS | Miami | 345 Misc | 441 |
| Pipeline | Assignment of Rights of Way and Easements | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 441 |
| | Bill of Sale | KPC to KPP | 6/28/90 | KS | Miami | 344 Misc | 506 |
| P 80 Line Paola Terminal | Conveyance of Pipeline Property | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 361 |
| | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Miami | 344 Misc | 487 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 451 |
| Paola Meter Station | Special Warranty Deed | KPC to KPP | 6/28/90 | KS | Miami | 347 Deed | 24 |
| | Quit Claim Deed | KPC to KPP | 6/30/98 | KS | Miami | 414 Deeds | 60 |
| Paola Meter Station Right of Way | Assignment of Right of Way Contract | KPC to KPP | 6/28/90 | KS | Miami | 344 Misc | 497 |
| 8",16",12" Lines | Assignment of Rights of Way | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 439 |
| | Bill of Sale | KPC to KPP | 7/22/92 | KS | Miami | 359 Misc | 397 |
| Project 700 | Assignment of Rights of Way and Easements | KPP to KPC | 6/30/98 | KS | Miami | 409 Misc | 115 |
| | | | | KS | Miami | | |
| Pipeline Ottawatomie Lateral | Conveyance of Pipeline Property | | 6/30/98 | KS | Miami | 409 Misc | 331 |
| | | | | KS | Miami | | |
| Ottawatomie Meter Site | Assignment of Rights of Way and Easements | | 6/30/98 | KS | Miami | 409 Misc | 390 |
| | | | | KS | Miami | | |
| Pipeline Paola Lateral | Conveyance of Pipeline Property | | 6/30/98 | KS | Miami | 409 Misc | 366 |
| | | | | KS | Miami | | |
| Paola Meter Site | Assignment of Rights of Way and Easements | | 6/30/98 | KS | Miami | 409 Misc | 186 |
| | | | | KS | Miami | | |
| Pipeline M.P. 4.86 Paola to KC Pipeline | Conveyance of Pipeline Property | | 6/30/98 | KS | Miami | 409 Misc | 137 |
| | | | | KS | Miami | | |
| Small Towers | Assignment of Rights of Way and Easements | | 6/30/98 | KS | Miami | 409 Misc | 332 |
| P 40, 20 | Bill of Sale | KNI to KNP | 6/28/90 | KS | Rice | 0 | 1 |

KPI1053

ENB-DOJ-024941

## 1998 Assignment Summary

| Description of Property | Document | Transaction | Recording Information | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | State | County | Book | Page |
| P 10, 20 | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Rice | O&G132 | 706 |
| | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Rice | O&G120 | 96 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Rice | O&G132 | 84 |
| P 10, 20 Lyon Station | Special Warranty Deed | KNI to KNP | 6/28/90 | KS | Rice | 153 | 255 |
| | Quit Claim Deed | KPC to KPP | 6/29/98 | KS | Rice | Int | 382 |
| Michigan - Wisconsin Compressor Site | Assignment of Lease  Expired | TERMINATED | 6/28/90 | KS | Rice | O&G120 | 721 |
| Gathering Systems | Bill of Sale | BPC to OKM | 6/28/90 | KS | Rice | 0 | 1 |
| | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Rice | O&G132 | 95 |
| Gathering Systems | Assignment of Rights of Way | BPC to OKM | 6/28/90 | KS | Rice | O&G120 | 139 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Rice | O&G132 | 131 |
| Sterling System Meter Site Lease | Assignment of Lease | KNI to KNP | 7/9/98 | KS | Rice | O&G120 | 730 |
| | Asset Sale Agreement SOLD | SOLD | 3/27/92 | | | | |
| P 80 M P 160 to Peck | Bill of Sale | KNI to KNP | 6/28/90 | KS | Sedgwick | 1117 | 220 |
| P 80 M P 160 to Peck | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Sedgwick | 1117 | 190 |
| | Partial Assignment of Rights of Way | KNI to KNP | 6/28/98 | KS | Sedgwick | 1901 | 231 |
| P 60 Line Wichita Terminal | Assignment of Right of Way Easement | KNI to KNP | 6/28/90 | KS | Sedgwick | 1117 | 236 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 235 |
| P 80 Line Cheney Station | Assignment of Rights of Way Easement | KNI to KNP | 6/28/90 | KS | Sedgwick | 1117 | 226 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 231 |
| KGS Interconnect | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Sedgwick | 1901 | 246 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 226 |
| Ruembeck Meter Site Lease 1 of 2 | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Sedgwick | 1117 | 273 |
| | Assignment of Surface Lease | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 292 |
| Ruenbeck Meter Site Lease 2 of 2 | Assignment of Lease | KNI to KNP | 6/28/90 | KS | Sedgwick | 1117 | 262 |
| | Assignment of Surface Lease | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 222 |
| Ritchie Sand Pigging Facility | Assignment of Lease  Expired | KNI to KNP | 6/29/98 | KS | Sedgwick | 1117 | 234 |
| Sedgwick County, Kansas | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 292 |
| | Bill of Sale | BPC to OKM | 6/28/90 | KS | Sedgwick | 1117 | 284 |
| Gathering Systems | Conveyance of Pipeline Property | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 221 |
| Gathering Systems | Assignment of Right of Way | BPC to OKM | 6/28/90 | KS | Sedgwick | 1117 | 290 |
| | Assignment of Rights of Way and Easements | KPP to KPC | 6/29/98 | KS | Sedgwick | 1901 | 271 |

ENB-DOJ-024942